**Louise BRYAN, Plaintiff-Appellant,**

**v.**

**Robert Rockcliff BRYAN, Defendant-Respondent.**

**No. 32927.**

St. Louis Court of Appeals.

Missouri.

Dec. 17, 1968.

Robert A. McIlrath, Flat River, Frank W. May (On Appeal), Desloge, for plaintiff-appellant.

Roberts & Roberts, Clinton B. Roberts, Farmington, for defendant-respondent.

LACKLAND H. BLOOM, Special Commissioner.

This appeal arises out of a divorce action filed by plaintiff against defendant. Defendant filed an answer and cross bill in which he sought a divorce in Count I and in Count II sought a decree declaring that he held an equitable interest in a farm owned by plaintiff and a one-half interest in certain stock, a one-half interest in a one-third share in the Irondale Insurance Company standing in plaintiff's name and a one-half interest in other designated personal property held by plaintiff. A trial was had before the court without a jury on all issues raised. The court entered a decree of divorce in plaintiff's favor on her petition and against defendant on Count I of his cross bill.

The court entered its decree and judgment in defendant's favor on Count II of his cross bill and adjudged and decreed that plaintiff and defendant were owners of a one-half interest in a certain Cadillac automobile, in a certain one-third share interest in the Irondale Insurance Agency, in ten shares of stock of the Bank of Irondale, in a certain manure spreader, chain saw, Choremaster, seed drill, pick-up truck, twin bedroom suite, TV-Stereo, davenport and air conditioner. It also decreed that defendant has an equitable interest in the sum of $7,236.32 in the farm owned by plaintiff.[1]

Plaintiff has appealed to this court from the "judgment on the cross bill," by which we presume plaintiff is referring to the judgment on Count II of the cross bill.

Accordingly the propriety of the judgment in plaintiff's favor for divorce is not before us.

We have, with some difficulty, prepared from the conflicting testimony summarized in appellant's brief and aided by respondent's brief and the transcript a statement of facts sufficient for our purpose.

Plaintiff and defendant were married on January 3, 1956, and separated on May 10, 1966. At the time of her marriage plaintiff owned a one-half interest in a 327 acre farm situated in Washington County which she had inherited from her father. After her marriage to defendant she purchased her sister's one-half interest for $6,000.00 from funds which her father had left her. She also owned stocks consisting of 140 shares of Standard Oil, 50 shares of Chase Candy, 20 shares of Bank of Irondale, 1200 shares of St. Louis Wholesale Drug Co., and 5 shares of Delaware Punch. Farm machinery owned by plaintiff consisted of a tractor, disc, plow, mower and wagon. She also owned all the household furnishings in the house on the farm and owned some cattle, although there was a conflict in the testimony as to how many head. Plaintiff testified she owned 15 head while defendant testified she had five head and that defendant purchased additional cattle with his own funds.

Defendant at the time of the marriage had $7,000.00 in Moloney Electric Credit Union, $1,700.00 in an account at Bonne Terre Bank, 400 shares of American Investment Company and government bonds valued at $600.00.

Shortly after their marriage plaintiff and defendant opened a joint bank account and thereafter everything was paid for out of that account. Defendant was working in St. Louis at Moloney Electric Company at the time of the marriage earning between five and six thousand dollars a year until he

1. In its "Memorandum" the trial court itemized the various items totaling $14,-472.64 representing capital expenditures made by plaintiff and defendant from joint funds in improving plaintiff's farm during the marriage and fixed defendant's equitable interest at one-half that sum.

suffered a heart attack in October 1962. He has been unable to work since. The 400 shares of American Investment stock were transferred by defendant after the marriage into the joint names of plaintiff and defendant.

Sometime during 1959 plaintiff purchased a one-third interest in the Irondale Insurance Agency for a total sum of $3,450.00. Both plaintiff and defendant gave a note to the Irondale Bank for part of the purchase price. Plaintiff worked at the agency and received $100.00 a month which was applied in payment of the note. Defendant testified that money received from the sale of cattle was also applied on the note. He testified that at the time the interest in the insurance agency was purchased he discussed the purchase with plaintiff and it was agreed that it was to be owned together and defendant could run it when he retired. Plaintiff denied any such conversation or agreement. Defendant said that the 400 shares of American Investment Company stock was pledged as security for the note. The money from the bank on the loan was deposited in the joint account and the check for purchase of the insurance agency was drawn on the joint account.

After the marriage plaintiff and defendant conducted the farm as a joint operation. Defendant purchased some cattle to be added to the cattle plaintiff had on the farm. Defendant testified that he worked on the farm on weekends until his heart attack. After the marriage seventy acres of permanent pasture were added, part of the farm was fenced and terraced, the tenant house was repaired and remodeled, a new barn was built; all of which was paid for out of the joint account. The parties purchased a new Cadillac, trading in a Dodge previously purchased by them as part payment, paying the balance from funds in the joint account. Plaintiff testified that the Cadillac was partly paid for by funds earned by her from employment at Bonne Terre Hospital. They also purchased from joint funds a pick-up truck, a Choremaster, seed drill and a chain saw. The plaintiff also purchased ten additional shares of stock in the Irondale Bank. Plaintiff and defendant signed a note for the purchase price which note was paid off from the joint account. The parties bought a television set, bedroom set, stereo, davenport and other household furnishings from joint funds. We do not believe it necessary to detail further the extensive testimony elicited at the trial.

■ We are met at the outset with a motion of respondent to dismiss this appeal for failure of appellant to comply with our rules. Reluctant as this court is to dismiss an appeal for violation of its rules, we believe the motion is proper and must be sustained on the grounds set forth as well as others not expressly stated by respondent.

■ Respondent first states that appellant has not complied with Rule 83.05(c) V.A.M.R. in that the appellant's brief does not contain a fair and concise statement of the facts relevant to the questions presented for determination in the form required by that rule. Respondent properly points out that the appellant has merely narrated the testimony of each witness. We find appellant has provided us with twenty-four pages setting forth the testimony of each witness. As a result this court is not presented with a concise factual statement in any intelligible or coherent form. We are left to search the briefs and the transcript and reconstruct a workable statement of facts. This an appellate court should not, under our rules, be required to do. The testimony as presented by appellant is nothing more than a synopsis of the transcript—disjointed, illogical and piecemeal. As we stated in Triplett v. Wyatt, Mo.App., 360 S.W.2d 386, 387, a statement of facts merely setting forth a digest of the pleadings and the testimony of each witness is not a compliance with Rule 83.05(c), "although the proper form of statement may be *followed* by a statement of the testimony of each witness, if desired." In Weathers v. Falstaff Brewing Corporation, Mo.App., 403 S.W.2d 663, 665, a case in which we

showed leniency in disregarding a violation of Rule 83.05(c) and decided the appeal on the merits, we again pointed out that, "It should not be assumed, however, that counsel may persist in ignoring the rules with impunity or that we will continue to countenance their violation." It appears, nevertheless, that so long as we continue to countenance violation of the rules, so long will counsel continue to ignore them.

Appellant's failure to comply with Rule 83.05(c) is sufficient alone to dismiss the appeal. Page v. Laclede Gas Light Co., Mo., 245 S.W.2d 23. However, the appellant's brief is deficient in other respects. Respondent states that appellant has not properly preserved for review the matters raised in her points on appeal for the reason said points were not presented to the trial court in her Motion for New Trial. We agree. Bowers v. Spinaio, Mo.App., 421 S.W.2d 790; Schneider v. Southwestern Bell Telephone Co., Mo.App., 413 S.W. 2d 16.

Appellant's Motion for a New Trial is as follows:

## "PLAINTIFF'S MOTION FOR NEW TRIAL

Comes now Plaintiff and moves the Court to·set aside the verdict herein in Count II of Defendant's Cross Bill and grant to her a new trial for the following reasons:

1. Because the Court erred in admitting incompetent, irrelevant and immaterial evidence offered by the defendant and over objection of the plaintiff.

2. Because the verdict is against the evidence.

3. Because the verdict is against the law under the evidence.

4. Because of perjury of the witness in testifying as to how he disposed of two of the cattle that were on the farm when the plaintiff left. He stated 'that two died and he burned them.' This not being true.

5. Because of perjury of the witness in claiming that he only had a small bank account at the time of hearing of the divorce and that he had a Savings Certificate at that time.

6. Because the Court erred in not taking into consideration the use of the land belonging to the plaintiff.

Wherefore, Plaintiff prays judgment of the Court in Count II of Defendant's Answer and Cross-Bill."

Appellant's Points raised on the appeal are as follows:

### I

"The Court erred in finding that Defendant has an equitable interest in the sum of Seven Thousand Two Hundred Thirty-Six Dollars and thirty-two cents in the farm.

### II

The Court erred in finding that Plaintiff and Defendant are each owners of a one-half interest in a certain one-third share in the Irondale Insurance Agency, and that they are each owners of a one-half interest in ten shares of stock of the Bank of Irondale.

### III

The Court erred in finding that Defendant was a half-owner of any of the other items of personal property set out in its Judgment, and failed to consider that it was the duty of the Defendant to support the Plaintiff."

Obviously grounds 1, 4, 5 and 6 of the Motion for New Trial are not presented as error here. Do grounds 2 and 3 present anything for review? We pointed out in Schneider v. Southwestern Bell Telephone Co., supra, in passing upon similar allega-

tions of error contained in a Motion for New Trial in a jury-waived case such grounds are patently general and are void of any specific allegations of error. In that case we quoted with approval from Fruit Supply Co. v. Chicago, B. & Q. Ry. Co., Mo.App., 119 S.W.2d 1010, 1011, wherein the court said, "The office of a motion for a new trial is to gather together the rulings complained of as erroneous, and solemnly and formally present them, one by one, in black and white to the judge in order that he have a last chance to correct his own errors without the delay, or expense, or other hardships of an appeal. This much is required. Less does not preserve the rulings for review."

Accordingly, we hold that appellant's Motion for New Trial presents nothing for review by the court and does not comply with Rule 79.03 V.A.M.R. Under Rule 83.13(a), V.A.M.R., other than for the matters excepted by the rule, we are enjoined from considering any allegation of errors except such as have been presented to or expressly decided by the trial court.

■ It further appears that the three "Points" set forth by appellant in her brief are likewise insufficient to bring before this court any questions for review. They completely fail to advise the court "wherein and why" the finding and judgment of the trial court sought to be reviewed is claimed to be erroneous. Assignments of error which do not undertake to point out wherein the errors lie present nothing for review. Berghorn v. Reorganized School Dist. No. 8, 364 Mo. 121, 260 S.W.2d 573, 580; Walker v. Thompson, Mo., 338 S.W.2d 114, 116. Compliance with Rule 83.05(a) (3) V.A.M.R. is as meaningful and essential in a court tried case, which we try de novo, as in one tried before a jury. Lane v. Katt, Mo.App., 421 S.W.2d 544, 546.

The salutory nature and wisdom of the Rule requiring an appellant to pinpoint for his adversary, the respondent, and for the appellate court specific errors allegedly committed by the trial court is particularly well illustrated by this appeal. The trial court, faced with directly conflicting testimony on the key issues to be decided on Count II, found these issues in favor of respondent and based his finding and judgment on the case of Ray v. Ray, Mo.App., 336 S.W.2d 731, a case not dissimilar on the facts or issues involved. Appellant all but ignores that case in both her points and argument and does not undertake to point out to this court wherein the trial court erred in basing its judgment thereon.

Because appellant has failed to comply with Rules 83.05(a) (2), (3) and 79.03 and has neither preserved nor presented anything for review in this court, we sustain respondent's motion to dismiss the appeal. We have considered Civil Rule 79.04 V.A.M.R. declaring that plain errors affecting substantial rights may be considered on appeal although not preserved for review if manifest injustice or miscarriage of justice has resulted. We find no reason here to apply that rule.

Appeal dismissed.

PER CURIAM:

The foregoing opinion by LACKLAND H. BLOOM, Special Commissioner, is adopted as the opinion of this Court. Accordingly, the appeal is dismissed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.