Raymond T. BRUEGGEMANN,
Appellant,

v.

PERMANEER DOOR CORPORATION,
and Bituminous Casualty Corporation,
Respondents.

No. 36035.

Missouri Court of Appeals,
Fourth District.

Sept. 9, 1975.

Morris B. Kessler, St. Louis, for appellant.

Frank J. Lahey, Jr., Albert I. Graff, St. Louis, for respondent.

ALDEN A. STOCKARD, Special Judge.

On June 10, 1969, Raymond T. Brueggemann sustained an injury in the course of and arising out of his employment with Permaneer Door Corporation when he received an electrical shock and burns. On August 20, 1970, appellant filed a claim for compensation with the Division of Workmen's Compensation. Permaneer Door Corporation admitted the occurrence of the accident and its liability under the Workmen's Compensation Act, but denied the injuries and disabilities claimed by appellant.

At the beginning of the hearing on June 12, 1972, after setting forth some of the admitted facts, the Referee stated: "The only dispute and the evidence confined to that issue, as I understand it, is the nature and extent of permanent partial disability. So, we'll confine the evidence to that issue alone." No objection was made by either party.

At the hearing testimony was received from appellant, his wife, and Dr. David E. Lemmel, a licensed chiropractor. Appellant also introduced several exhibits, none of which are material to the issues presented on this appeal, and a deposition from Dr. William H. Grundman, an examining doctor. Respondents also introduced in evidence the depositions of three examining doctors.

The Referee issued his "Award on Hearing" on June 26, 1972. He made an award for temporary total disability, an award for permanent partial disability, and a small award for disfigurement. He further stated that probable future temporary total disability was "none," and that probable future temporary partial disability was "none." There was no finding pertaining to the need for any future treatment or medical expense.

In his Report the Referee stated: "In reaching the above conclusion[s] I have rejected and not considered the testimony of D. E. Lemmel, D. C., which I find to be incompetent and inadmissible." The basis for that ruling was that the Referee concluded that under the applicable statutes the practice of chiropractic is not the practice of medicine or osteopathy and therefore the testimony of a chiropractor as to medical matters is not admissible as that of an expert witness in a workmen's compensation case.

Both parties petitioned for a review by the Industrial Commission. On April 23, 1973, the Commission entered an order remanding the case to the Division of Workmen's Compensation for the reason that it found "as a matter of law that the referee's action when he rejected and refused to consider the testimony of D. E. Lemmel, D. C. was in error." It concluded, however, that it had no discretion to consider evidence "absent from the record presented for review even though improperly excluded," so it ordered that "the instant claim together with the record and file heretofore compiled in the matter be remanded to the referee in order that he may take for and on behalf of the Commission, the full testimony of Dr. D. E. Lemmel related to his examination and evaluation of the employee as the applicable law * * * requires so that the Commission may consider said testimony and assign it such weight as it intrinsically commands in arriving at a final award." The Referee was directed to write an amended award, "giving said testimony all due and proper consideration as to its weight as evidence, as shall not be inconsistent with this order."

Thereafter, respondents filed with the Industrial Commission a motion for clarification of its order, and it was therein stated that appellant's attorney had furnished respondents a medical report made by Dr. Lemmel, dated May 14, 1973, and pertaining to a physical examination of appellant conducted on May 5, 1973. That report is not in the record before us, and we do not know its contents. Respondents requested that the Commission clarify whether the testimony of Dr. Lemmel to be taken was to be limited to his report of examination dated January 5, 1972, as testified to by him

at the hearing begun on June 12, 1972, or whether Dr. Lemmel was to be permitted to testify as to his findings based on the physical examination made on May 5, 1973. Respondents further requested that if the doctor was to be permitted to testify concerning the examination made subsequent to the previous hearing, that the supplemental hearing be continued "until such time as arrangements can be made for re-examination of [appellant] by doctors of the selection of [respondents], and the presentation of said testimony * * *." There is nothing in the record to indicate that appellant agreed to the requested continuance, and he makes no contention on this appeal that he did so.

On June 22, 1973, the Industrial Commission entered its order that "the testimony of Dr. D. C. Lemmel, D. C., which was the subject of the Commission's prior order of the 23d day of April, 1973, shall be limited in the hearing therein ordered to his findings made and conclusions reached as a result of medical examinations made prior to the original hearing date of the 12th of June, 1973 [It was agreed by the parties that this date should have been 1972], and the witness shall not be permitted to testify as to any matters in any way related to any examinations made subsequent to the date last above mentioned."

We find no objection by appellant to the Industrial Commission concerning this order, and he did not file any application pursuant to § 287.470, RSMo 1969, based on a "change of condition."

The supplemental hearing was held as scheduled, and the Referee filed his Amended Award, the result of which was the same as his previous Award. This was reviewed by the Industrial Commission and it made its final Award dated September 11, 1973, which affirmed the Award of the Referee. Appellant then appealed to the Circuit Court of Franklin County which, after oral arguments, affirmed the Award of the Industrial Commission, and this appeal then followed. We cannot determine from the record whether appellant advanced to the trial court the contentions presented on this appeal.

■ Appellant first contends that "The Commission erred in excluding competent material evidence," because it "(A) may not reject competent material evidence offered by either party," and "(B) By improperly excluding competent and material evidence the Industrial Commission left [appellant] without a remedy for the additional disability known to have been incurred prior to the last hearing and award dates."

This point is inadequate to present any issue for appellate review. The evidence claimed to be competent and material is not therein identified. Also part (B) is indefinite and somewhat confusing. We, nor for that matter the respondents, are advised as to what is intended by the reference to "additional disability," and it cannot be determined whether by the phrase "prior to the last hearing and award dates" appellant intends to refer to an alleged disability incurred at any time prior to the hearing begun on June 12, 1972, or only to an alleged disability incurred after June 12, 1972, and prior to July 31, 1973. However, by turning to respondents' statement of facts and to the argument portion of appellant's brief which we are not required to do but which we have done in a most liberal exercise of our discretion, we find that appellant claims that "there was evidence [not identified] showing that the condition suffered by [him] was progressive," and it was error to "exclude testimony [at the hearing held July 31, 1972] which would have shown [his] present condition." There also is a contention in the second point relied on, which necessarily relates to the contention of the first point, that appellant was entitled to future treatment and medication, presumably by reason of the claimed "additional disability."

We first note that by reason of the stipulation, agreed to by appellant, the hearing on his claim was limited to the issue of "the nature and extent of permanent partial dis-

ability," and during the hearing appellant made no claim for future treatment or future medical expenses. Next, if there was evidence that appellant's condition was "progressive," as he now asserts in argument, that presented a fact issue which (a) was resolved contrary to appellant's claim, or (b) was taken into consideration by the Commission in making its award for permanent partial disability. Appellant does not challenge amount of the award for partial permanent disability.

The order of the Commission remanding the case to the Referee was not for the purpose of reopening the entire case, but was for the limited purpose of receiving and considering evidence that had been offered at the hearing on July 12, and July 20, 1972. If appellant was of the opinion that a change of condition had occurred after July 20, 1972, he was not foreclosed from making an application pursuant to § 287.470 RSMo 1969, for a rehearing, and we find nothing in the record before us that appellant in any way advised the Commission that he considered that a change in his condition had occurred. We also note that respondents did not take the position that in no event should appellant be prohibited from showing his "present condition." Their proposal was that if appellant was to be permitted to do so, they too should have the time and opportunity to present their evidence on that issue. But, appellant elected to pursue a course of action whereby he apparently wanted respondents to be limited to the scope of the stipulation, but he was to be free to present medical evidence that his condition had changed without according to respondents the opportunity of presenting evidence, if any, to the contrary.

▌ The presentation of the facts in this case demonstrates the need for procedural rules and the necessity of litigants and the courts adhering thereto. Appellant was not foreclosed from presenting evidence of an "additional disability," as he contends, and he cannot now complain that he was not permitted to ignore the procedure established by § 287.470 and follow a procedure which would have resulted in his adversaries being foreclosed from meeting his claim.

▌ Appellant's second point is "(A) The Commission erred in not making provision for the medical expenses already incurred by the appellant and in failing to make provision for future treatment and medication," and "(B) Voluntary rendition of medical treatment by the employer after one hundred eighty (180) days following the injury waives the necessity for special order by the Commission directing that additional medical treatments beyond the one hundred eighty (180) days be furnished. The only evidence in the case indicated that [appellant] was in need of continued attention and medication by reason of his injuries."

We first note that part (B) is nothing more than an abstract statement of law, and presents nothing for appellate review. We also note that appellant does not set forth the "only evidence" or make any reference to where such evidence may be found. In his statement of facts he recites, "There was evidence that appellant still needed treatment for his injuries," and reference is made to four pages in the transcript. Assuming the issue was within the scope of the stipulation, it presented a fact issue which was determined adversely to appellant's contention, and there is ample evidence to support that conclusion by the Commission. However, we have read the four pages referred to, and contrary to appellant's assertion, there is no *medical* testimony that he needed future medical treatment for the injuries which gave rise to his claim for Workmen's Compensation. Appellant's testimony from Dr. Lemmel was that he "couldn't say at this time" that appellant would benefit from any future treatment by him.

Appellant admits in his brief that "for some eleven (11) months the Insurer voluntarily furnished and paid for medical treatment" to him, but he adds that it "arbitrarily terminated its sponsorship of that treat-

ment although [he] continued on and bore the expense of the additional treatment."

The Insurer did provide the medical treatment referred to, and after it advised the doctor that it would no longer be responsible for his medical bills, appellant continued to see him. However, there is nothing in the record to the effect that the subsequent treatment was in any way related to the injuries sustained by appellant, and there is substantial evidence that the subsequent treatment was unrelated to appellant's injuries sustained in the course of his employment.

We find no merit to appellant's contentions, and the judgment is affirmed.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.