Roy MUELLER, Employee-Appellant,

v.

Bill BAY, Employer-Respondent,

and

MFA Oil Company,
Employer-Respondent.

No. 47230.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 17, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 17, 1984.

Application to Transfer Denied
June 19, 1984.

**130**

Cynthia S. Holmes, St. Louis, for employee-appellant.

David P. Senkel, Hillsboro, for Bay.

Clinton B. Roberts, Farmington, for MFA.

CRANDALL, Judge.

On December 17, 1975, Roy Mueller, the claimant in this workers' compensation case, was employed as a gas station attendant at the Crossroads MFA Service Station. On that date he was the victim of a robbery during which he was shot and seriously injured. Mueller filed his claim for workers' compensation against Bill Bay, an owner of the station, and MFA Oil Company (MFA) as named employers. His claim for compensation against MFA was denied by the Division of Workers' Compensation and the Labor and Industrial Relations Commission but was granted against Bay. The decision was appealed to the circuit court which affirmed as to MFA but reversed as to Bay. Claimant appeals the order of the circuit court. We affirm.

Two issues are raised on appeal: (1) Was MFA an employer of Roy Mueller? (2) Was Bill Bay a "major employer" within the meaning of the then existing statute, § 287.050, 1974 Mo.Laws 855 (repealed 1978)? The issues are resolved by a analysis of the evidence presented on each point.

■ First we consider Mueller's claim against MFA. The only substantial and competent evidence adduced regarding MFA was a Dealer Agreement and Lease entered into between MFA and Bill and Linda Bay (husband and wife). Nothing in that lease created any relationship other than lessor and lessee or dealer and supplier. There was no evidence that MFA retained any right of control or other supervisory power over any of the gas station employees such as Mueller.[1] *See Cline v. Carthage Crushed Limestone Co.*, 504 S.W.2d 102 (Mo.1973). The circuit court, therefore, correctly ruled that Mueller was not entitled to recover against MFA Oil Company.

■ The next issue is whether Bay was a major employer and therefore subject to the jurisdiction of the Workers' Compensation Act, Chapter 287, RSMo (1969), as amended by 1974 Mo.Laws 853. It is conceded that Bill Bay had never elected to come under the Act as a minor employer. It is further conceded that Mueller had the burden of proving that Bay was a major employer. Section 287.050, 1974 Mo. Laws 855[2] required that an employer have more than five regular employees to be subject to the Act. There was evidence that the station had four employees[3] in

---

1. Claimant testified that he was told that MFA controlled hiring and personnel decisions and regularly inspected the station. In addition, the depositions of Linda Bay and Bill Bay were offered to show that MFA exercised greater control over the operation of the station than was indicated by the Dealer Agreement and Lease. Objections to this evidence were sustained as to MFA and those rulings are not challenged on

this appeal. We therefore do not consider this evidence.

2. This statute has been repealed. 1978 Mo.Laws 579. Section 287.030, RSMo (Supp.1983) and § 287.090, RSMo (Supp.1983) would now apply to this situation.

3. For the purposes of this opinion we will assume that the four employees were regular em-

addition to Mueller. The critical question is whether Linda Bay was the required additional employee or was an employer. If there is substantial and competent evidence in the record, albeit in conflict with other evidence, we are required to affirm the final award of the Commission. § 287.-490, RSMo (Supp.1983); *Blissenbach v. General Motors Assembly Div.*, 650 S.W.2d 8 (Mo.App.1983). Here there is no conflict in the evidence. All of the evidence, including evidence adduced by claimant Mueller, was that Mrs. Bay, as she testified, was a partner with her husband in the gas station business. Claimant Mueller never offered any evidence to the contrary and in fact corroborated the fact that the Bays jointly owned and operated the service station as partners and co-employers of Mueller. Linda Bay, therefore, as a matter of fact and law, was not an employee within the meaning of the Act. *Bethel v. Sunlight Janitor Service*, 551 S.W.2d 616 (Mo. banc 1977).

Since there was not sufficient competent evidence in the record to warrant the finding that Bill Bay was the sole employer of more than five regular employees, the circuit court correctly reversed the final award of the Commission. *See* § 287.490.-1(4) RSMo (Supp.1983).

The order of the circuit court is affirmed.

KAROHL, P.J., and REINHARD, J., concur.

ployees within the meaning of § 287.050, 1974   Mo.Laws 855.