**Robert J. O'DONNELL, Appellant,**

v.

**GUARANTEE ELECTRIC COMPANY, and United States Fidelity & Guaranty Company, Respondents.**

**No. 49151.**

Missouri Court of Appeals, Eastern District, Division Three.

March 19, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 26, 1985.

Application to Transfer Denied May 29, 1985.

Gerritzen & Gerritzen, Ray A. Gerritzen, St. Louis, for appellant.

Adrian DeYong, St. Louis, for respondents.

CRIST, Judge.

Employee appeals the decision of the Labor and Industrial Relations Commission denying Workers' Compensation as to his claims for future medical treatment and certain drug bills. We affirm.

Employee, who suffered from extensive pre-existing disabilities, was struck by employer's truck on March 4, 1982. The truck knocked employee to the ground, and two wheels of the truck ran over his legs. He was found to be permanently and totally disabled due to a combination of his pre-existing disabilities and the injuries attributable to this accident, with eighty percent of the disability attributal to the accident and twenty percent attributal to his pre-existing conditions. Employee was denied future medical care and payment of certain drug bills on the ground there was insufficient evidence to connect the care and bills to the accident.

The parties agree employer and his insurer are responsible for all medical ex-

penses that are reasonable and necessary as a result of the injuries sustained in a compensable accident. Section 287.140, RSMo 1978; *Gill v. Massman Construction Co.,* 458 S.W.2d 878 (Mo.App.1970). Employee claims the Commission's decision denying future medical treatment is unsupported by the record. Our review of this claim is limited to a determination of whether the award is supported by competent and substantial evidence on the whole record, *Mueller v. Bay,* 670 S.W.2d 129, 131 (Mo.App.1984), when viewed in the light most favorable to the Commission's award. *Shinuald v. Mound City Yellow Cab Co.,* 666 S.W.2d 846, 848 (Mo.App. 1984).

The accident caused severe and substantial injuries. Employee suffered fractures of his legs and pelvis, and a severe degloving injury to his legs. This injury was as if his legs had been "skinned as one would a rabbit." It required extensive skin grafts. While in the hospital, employee developed several complications, including an upper gastrointestinal hemorrhage from stress ulcers, and a staph infection, which were related to the accident.

The degloving injury resulted in large areas of scarring, covering thirty to forty percent of the right leg and thirty percent of the left leg. It also damaged the motor and sensory portions of the nerves in his legs. He was able to regain the use of the muscles in the back of his legs, but not the use of those in the front of his legs. This resulted in a bilateral foot drop, which caused employee to walk with a high steppage gait to avoid tripping over his toes. To correct this somewhat, he wears bilateral spring-assist braces. He has also developed a venous insufficiency.

Employee's pre-existing conditions included diabetes mellitus, obesity, alcoholic liver disease, ascites, heart problems, obstructive pulmonary disease, prostatitis, and recurrent urinary tract infections. He also suffered from peripheral neuropathy, apparently resulting from his diabetes and alcohol abuse. This disease caused decreased sensation and muscle and reflex weakness in his lower legs.

Testimony on the necessity for future medical care was provided by Dr. Morrison, an internist, and Dr. Gragnani, a specialist in rehabitation. Dr. Morrison first testified employee would need treatment indefinitely, resulting some from the injury and some because of his pre-existing conditions. Immediately thereafter, however, he testified he could not answer as to what treatment would be required because of the injuries from the accident, and stated that question should be answered by the physical rehabilitation doctor, or someone with more expertise than Dr. Morrison. The treatment provided by Dr. Morrison would be primarily related to his pre-existing problems.

According to Dr. Gragnani, the rehabitation specialist, no treatment for his injuries would be needed with the exception of adjustments to the braces approximately once every six months for the next five years. When asked if employee would require any other therapy for the injuries received in the accident, he answered "not specifically for the injuries received, no."

■ The medical experts did not testify as to future medical care upon reasonable medical certainty. The Commission found "employee's future medical care will be related to his pre-existing disabilities, not his injuries attributable to his last accident." This denial of future medical treatment was based upon competent and substantial evidence. *Eagle v. City of St. James,* 669 S.W.2d 36, 44 (Mo.App.1984). Even through some evidence in the record may support the contrary conclusion, resolution of conflicts of evidence is a matter for the Commission, *Matthews v. Roadway Express, Inc.,* 660 S.W.2d 768, 769[3] (Mo. App.1983), and this court may not substitute its judgment for theirs. *Blatter v. Mo. Dept. of Social Services,* 655 S.W.2d 819, 821[2, 3] (Mo.App.1983).

■ Employee also complains of the Commission's denial of recovery on certain drug bills, totalling $560.30. This was de-

nied because of insufficient proof these bills were necessary due to the accident and its injuries. The evidence does not sufficiently show how much, if any, of the claimed bills were due to his accident and not his pre-existing condition. *Brueggemann v. Permaneer Door Corporation*, 527 S.W.2d 718, 722 (Mo.App.1975); *Griggs v. A.B. Chance Co.*, 503 S.W.2d 697, 704, 705 (Mo.App.1973).

The final award of the Labor and Industrial Relation Commission is affirmed.

DOWD, P.J., and CRANDALL, J., concur.