Margaret HAMPTON, Plaintiff–Garnishor–Respondent,

v.

Charles DAVENPORT, d/b/a The King Royal Brothers Circus, Defendants–Respondents,

and

T.H.E. Insurance Company, Defendant–Garnishee–Appellant.

No. 24867.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 16, 2002.

John L. Oliver, Jr., Cape Girardeau, for appellant.

Hal E. Hunter, III, New Madrid, for respondent.

JOHN E. PARRISH, Judge.

T.H.E. Insurance Co., a garnishee defendant, (the garnishee) filed a notice of appeal directed to a Circuit Court order denying its motion to quash a garnish-

ment.[1] The appeal is dismissed.

 Rule 84.04 mandates what an appellant's brief shall contain. "Violations of Rule 84.04 are grounds for a court to dismiss an appeal." *Shochet v. Allen,* 987 S.W.2d 516, 518 (Mo.App.1999). Whether an appeal will be dismissed for failure to comply with Rule 84.04 is discretionary. *Keeney v. Missouri Highway & Transp. Com'n,* 70 S.W.3d 597, 598 n. 1 (Mo.App. 2002). "That discretion is generally not exercised unless the deficiency impedes disposition on the merits. 'A brief impedes disposition on the merits where it is so deficient that it fails to give notice to [the court] and to the other parties as to the issue presented on appeal.'" *Id.,* quoting *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 647 (Mo. banc 1997).

 The garnishee's appellant's brief impedes disposition of the case on its merits. It does not identify any issue that permits meaningful review. It is the appellant's obligation to identify, with particularity, the proposition on which the party relies and to provide accurately referenced authority for the proposition. Likewise, an appellant's obligation includes providing authority in support of alleged trial court errors with accurate citations to that authority. Were the appellate court to undertake these things when an appellant has failed to do them, the appellate court would be assuming the role of advocate. "It is not the function of the appellate court to serve as advocate for any party to an appeal." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978).

The garnishee's appellant's brief states one point relied on. Although Rule 84.04(d) states explicitly what a point re-

lied on shall include and includes pattern formats that prescribe the form which points are required to substantially follow, the garnishee's brief does not comply with the rule's requirements. Rule 84.04(d)(1) is applicable here. It provides:

(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action* ], because [*state the legal reasons for the claim of reversible error* ], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error* ]."

The garnishee's point relied on states:

When the trial court, on March 4, 2002, denied [the garnishee's] motion to quash the garnishment on the basis that the trial court was without jurisdiction, the trial court erred because the plaintiff, in plaintifft's [sic] original garnishment proceeding failed to file exceptions or to deny [the garnishee's] answers within ten (10) days as required by Rule 90.13(c). Such failure to file timely exceptions deprived the Circuit Court of New Madrid County of further jurisdiction and constituted a complete abandonment or discontinuance of the gar-

---

1. The judgment that is the basis for the garnishment action that is the subject of this appeal was against "Charles Davenport, d/b/a The King Royal Brothers Circus, Defendant."

The notice of appeal erroneously designates "defendants" as "The King Royal Brothers Circus and Charles Davenport."

nishment, thus conclusively terminating the matter in favor of [the garnishee].

■ The point relied on identifies Rule 90.13(c). The sentence that includes that reference does not state a concise legal reason for a claim of reversible error. Rule 90.13 has no subparagraph (c). Rule 90.13 allows general execution against a garnishee defendant following judgment being rendered against that garnishee defendant. This court's review of the facts recited in the garnishee's brief reveals nothing to which Rule 90.13 would apply. Without a concise statement of a legal reason for a claim of reversible error, there can be no explanation, in the context of the case, supportive of a claimed error. *Kline v. Casey's General Stores, Inc.,* 998 S.W.2d 140, 142 (Mo.App.1999).

The garnishee's inattention was not limited to requirements of Rule 84.04(d). Its argument includes at least two incorrect page citations for cases on which it sought to rely. The garnishee referred this court to a quotation from *State ex rel. Bagnell Investment Co., Inc. v. Luten,* 647 S.W.2d 539 (Mo. banc 1983), supposedly at "Page 547, Paragraph 3." The opinion ends on page 542. Similarly, the garnishee provided the citation to *Whiteley v. Whiteley* as "325 S.W.2d 501 (Mo.App.1959)." *Whiteley* begins on page 502.

■ An appellant is expected to reasonably comply with rules for appellate practice. *Sutton v. Goldenberg,* 862 S.W.2d 515, 517 (Mo.App.1993); *Thompson v. Thompson,* 786 S.W.2d 891, 892 (Mo.App.1990). Judicial impartiality, judicial economy, and fairness to all parties require reasonable compliance. *Schneller v. GEICO,* 873 S.W.2d 679, 680 (Mo.App. 1994). "[I]t is not the duty of an appellate court to become an advocate for the appellant and search the record for error; the judgment rendered is presumptively correct and the appellant has the burden to demonstrate that it is erroneous." *Thompson, supra.* The appeal is dismissed.

PREWITT, P.J., and RAHMEYER, C.J., concur.