William BOWERS, Claimant–Appellant,

v.

HILAND DAIRY COMPANY, Employer–Respondent,

and

Treasurer of the State of Missouri as Custodian of the Second Injury Fund, Additional Party–Respondent.

No. 25807.

Missouri Court of Appeals, Southern District, Division One.

March 2, 2004.

Motion for Rehearing or Transfer Overruled March 18, 2004.

Michael A. Gerritzen, Gerritzen & Gerritzen, St. Louis, for Appellant.

Kevin Hayes Dunnaway, Neal & Newman, L.L.P., Springfield, for Respondent.

PHILLIP R. GARRISON, Judge.

In this workers' compensation case, William Bowers ("Employee") disputes the final award of the Labor and Industrial Relations Commission ("the Commission") affirming an award entered by an Administrative Law Judge ("ALJ"). The ALJ found that Employee had sustained a twenty percent permanent partial disability ("ppd") to the right shoulder at the 232–

week level, and five percent to the body as a whole at the 400–week level, but denied his claim for past medical care and treatment in the form of prescription medications, as well as for future medical care and treatment. On this appeal, Employee contests the denial of past and future medical care and treatment, as well as the amount of the permanent partial disability award.

A brief history of the facts will suffice, considering our discussion concerning the points raised on this appeal. Employee had a history of hepatitis C dating back to 1988, with the subsequent development of rheumatoid arthritis in about 1994. The arthritis resulted in swelling, pain and restricted motion in multiple joints, for which he was treated with medications including prednisone (a steroid).

On February 25, 1999, Employee was injured when he fell approximately four feet and landed on his head, right shoulder, and right side (the "accident") while unloading a truck as part of his employment with Hiland Dairy Company ("Employer"). He alleged in his claim for compensation against Employer and the Second Injury Fund (the "Fund") that he sustained an injury to his head, neck, and right shoulder affecting his right arm. He also acknowledged in his claim against the Fund that he had previous injuries to

the back, spine, shoulders, elbows, wrists, hands, "left knee (rheumatoid arthritis)," "body as a whole (hepatitis C)," left shoulder, left arm, and left leg. Since the accident, Employee has been treated with various medications, including those for pain, as well as steroids.

 The Supreme Court of Missouri recently has re-examined the standard of review in workers' compensation cases. In *Hampton v. Big Boy Steel Erection, et al,* 121 S.W.3d 220 (Mo. banc 2003), the court interpreted § 287.495.1,[1] as well as the Missouri Constitution, art. V, § 18,[2] in holding that, contrary to earlier cases,[3] a reviewing court is not to view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the award. *Id.* at 233. Rather, the appropriate standard of review is whether, considering the whole record, there is sufficient competent and substantial evidence to support the award. *Id.* The *Hampton* court also held that an award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence. *Id.* The Commission's interpretation and application of the law, however, are not binding on this court and fall within our realm of independent review and correction. *Williams v. City of Ava,* 982 S.W.2d 307, 310 (Mo.App. S.D.1998).

---

1. Section 287.495.1 provides, in pertinent part, that the "court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

 (1) That the commission acted without or in excess of its powers;

 (2) That the award was procured by fraud;

 (3) That the facts found by the commission do not support the award;

 (4) That there was not sufficient competent evidence in the record to warrant the making of the award."

2. Article V, § 18 of the Missouri Constitution provides for judicial review of the commission's award to determine whether the award is supported by competent and substantial evidence upon the whole record. All references to statutes are to RSMo (2000) unless otherwise indicated.

3. Several of the cases overruled by *Hampton* to the extent they are in conflict with the holding there are cited herein in support of other principles of law not affected by the *Hampton* ruling. For the sake of simplicity, no further acknowledgment of *Hampton's* effect on those cases appears hereafter.

In conducting our review, we review the findings of the Commission, and not those of the ALJ. *Williams* at 310. Where, as here, the Commission's award incorporates the ALJ's award and decision, we consider the findings and conclusions of the Commission as including the ALJ's award. *Id.* As demonstrated in *Hampton,* the Commission is free to believe or disbelieve evidence. *Id.* at 233.

It first is necessary that we note several deficiencies in Employee's brief. Initially, we note that Rule 84.04(c)[4] requires that the statement of facts in an appellate brief "shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument. Such statement of facts may be followed by a resume of the testimony of each witness relevant to the points presented." The purpose of the statement of facts is primarily to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. *In re Adoption of P.J.K.,* 359 S.W.2d 360, 363 (Mo.App.Spfd.D.1962).

Employee's statement of facts violates the requirements of this rule. It covers forty-four pages of the brief, is argumentative, is far from concise, and contains information not relevant to the issues raised in this appeal. In many instances, the statement of facts contains a summarization of the complete testimony of various witnesses, a practice that has been condemned as a failure to comply with the requirements of the rule. *See Bryan v. Bryan,* 435 S.W.2d 745, 747 (Mo.App.St.L. 1968); *Swope v. Emerson Elec. Mfg. Co.,* 303 S.W.2d 35, 41 (Mo.1957).

Employee's first point relied on also violates Rule 84.04(d). In point one, Employee attacks the denial of reimbursement for past medical care in the amount of $15,833.08. The point is deficient for several reasons. It covers four pages of the brief and is divided into four subpoints and five sub-subpoints. Each subpoint is based on a separate and distinct theory, and each sub-subpoint is based on factual contentions distinct from the others. It contains multifarious claims of trial court error, and is, thus, not in compliance with Rule 84.04. *Harris v. Parman,* 54 S.W.3d 679, 687 (Mo.App. S.D.2001). This alone would justify our declining to review the point. *Id.* at 687–88.

Employee's first point relied on is in violation of Rule 84.04 in another respect. Rule 84.04(d)(2) provides a virtual "roadmap" for the preparation of a point relied on in an appellate brief when the review is of a decision of an administrative agency. It specifies that the point shall be in substantially the following form: "The [*name of agency* ] erred in [*identify the challenged ruling or action* ], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review* ], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error* ]." Employee's first point fails to state concisely the legal reasons for the claim of reversible error and to explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error as required by that rule. Employee's point also contains abstract statements of law in violation of Rule 84.04(d)(4).

Finally, this point relates to the denial of reimbursement for past medical care. According to Employee's statement of facts, these expenses were in the form

---

**4.** References to rules are to Missouri Rules of Civil Procedure (2003) unless otherwise indicated.

of bills for prescriptions and two hospital bills. He argues that the bills in issue demonstrate that multiple medications were prescribed, but that he was receiving less medicine for treatment of arthritis. He also appears to argue that the medications are for the treatment of injuries arising from his accident instead of solely for arthritis. In making this argument, Employee cites us to forty-three pages of the record on appeal that, apparently, was to have contained the bills in question. Those pages, however, are not contained in the record before this court. When pages of a record on appeal referred to in a brief are nonexistent, allegations of fact based on those pages will be rejected by the appellate court. *Silver Dollar City, Inc. v. Kitsmiller Const. Co., Inc.*, 874 S.W.2d 526, 533 (Mo.App. S.D.1994). We are unable to conclude that the Commission erred in not ordering reimbursement for the bills in question when the contents of the bills are not before us.[5] Especially is this true since the ALJ found that "reviewing the [Employee's] pharmaceutical prescription exhibits offered into evidence, all are due to the arthritis as much as any work accident." Consequently, we are unable to hold that the Commission erred in failing to order reimbursement for any of the specific bills.

■ We note, however, that statutes and rules relating to appeals in workers' compensation cases are to be construed liberally in favor of allowing appeals to proceed, and, to the extent possible, to permit disposition on the merits. *Abrams v. Ohio Pacific Exp.*, 819 S.W.2d 338, 341 (Mo. banc 1991). Bearing that premise in mind, there is one portion of Employee's first point to which we can respond. It is apparent that he contends that the Commission erred as a matter of law in not ordering reimbursement of past prescription and hospital bills on the theory that the Commission required him to prove that the past treatment does not benefit any other condition, rather than simply requiring him to prove that the past treatment was to cure or relieve the effects of the accident. This apparently refers to the following statement in the ALJ's conclusions of law:

> Reviewing [Employee's] pharmaceutical prescription exhibits offered into evidence, all are due to the arthritis as much as any work accident. [Employee] has failed to meet his burden to separate out what medications are required as a result of the work accidents alone, rather than in combination with the preexisting rheumatoid arthritis.

> In fact, Dr. Guarino, [Employee's] treating and evaluating physician, as well as Dr. Cohen, both indicate that all of the medications they have prescribed for [Employee] assist and aid with treatment of rheumatoid arthritis as much as any other condition. In fact, the medications currently being prescribed are for pain, regardless of the source or cause. Neither physician can differentiate or segment which pain or limitation stems just from the rheumatoid arthritis, as compared to any work accident.

While the pharmaceutical prescription records referred to are not before us, it appears from the ALJ's ruling that the basis for denying Employee's claim for past care and treatment in the form of prescription medications was the fact that Employee had not proven which of those medications

---

5. We note that Employee's statement of facts does contain a listing of medications, dates of prescriptions, quantity, and price that perhaps were taken from the missing exhibits. "Statements of fact in a brief which are unsupported by the record are not evidence, hence they supply no basis for appellate review of alleged trial court error." *In re Marriage of Osborne*, 895 S.W.2d 285, 289 (Mo. App. S.D.1995).

were required only because of the accident. It is this premise that Employee claims was erroneous as a matter of law.

Section 287.140.1 provides, in pertinent part:

> In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical, chiropractic, and hospital treatment, including nursing, custodial, ambulance and medicines, as may reasonably be required after the injury or disability, to cure and relieve from the effects of the injury.

Medical aid is, therefore, a component of the compensation due an injured worker under § 287.140.1. *Mathia v. Contract Freighters, Inc.,* 929 S.W.2d 271, 277 (Mo. App. S.D.1996). Section 287.140.1 entitles the worker to medical treatment as may be reasonably required to cure and relieve from the effects of the injury, meaning treatment that gives comfort or relieves even though restoration to soundness [a cure] is beyond avail. *Id.* In interpreting the statute, we are mindful that the Workers' Compensation Law is to be liberally construed with a view to the public welfare. Section 287.800; *Vatterott v. Hammerts Iron Works, Inc.,* 968 S.W.2d 120, 121 (Mo. banc 1998).

Employee had the burden of proving his entitlement to benefits for care and treatment authorized by § 287.140.1 i.e., that which is reasonably required to cure and relieve from the effects of the work injury. *See Rana v. Landstar TLC,* 46 S.W.3d 614, 622 (Mo.App. W.D.2001). Meeting that burden requires that the past bills be causally related to the work injury. *See Pemberton v. 3M Co.,* 992 S.W.2d 365, 368–69 (Mo.App. W.D.1999).

In this case, the ALJ cited *O'Donnell v. Guarantee Elec. Co.,* 690 S.W.2d 190 (Mo. App. E.D.1985), saying that there, future medical treatment was denied where the evidence indicated that the care would be related to preexisting disabilities and not just the injuries attributable to the work-related accident. *O'Donnell,* however, dealt with the testimony of an internist who said that he could not determine what treatment would be required because of the injuries at work, and that the treatment he suggested would be primarily for pre-existing problems. *Id.* at 191. A rehabilitation specialist also testified that other than "adjustments" to braces, treatment would not be needed for the injuries. *Id.* Based upon this testimony, the *O'Donnell* court affirmed the denial of future medical care and the payment of certain drug bills. *Id.* In doing so, it noted that no expert testified to a reasonable degree of medical certainty that future medical care would be related to the work injuries, and that the evidence did not show how much of the drug bills, if any, were due to the accident and not to his pre-existing condition. *Id.* at 191–92.

We do not read *O'Donnell* as holding that entitlement to medical care as a part of a workers' compensation claim requires that the care must relate to or benefit only the injuries or condition that is the subject of the workers' compensation claim. Rather, we interpret *O'Donnell* as standing for the proposition that the medical care in issue, to be compensable, must be shown to be related or due to the injury or condition which is the subject of the claim.

The ALJ also cited *Sullivan v. Masters Jackson Paving Co.,* 35 S.W.3d 879 (Mo. App. S.D.2001), for the proposition that for future medical care to be awarded, it must be proven that the need for the medical care flows from the work accident and not some other condition. To the extent that the ALJ interpreted *Sullivan* as holding that medical care, to be compensable, must benefit only the work injury, we disagree. In *Sullivan,* the injured worker had a

history of alcoholism prior to his work injury. *Id.* at 882. As a result of his work injury, the employee was treated with the pain medication Demerol, to which he also became addicted. *Id.* at 882–83. The Commission found that the employee was entitled to future medical treatment, specifically referring to treatment for withdrawal from alcohol and Demerol, and for pain control. *Id.* at 883. We held that there was no basis to order the employer to provide medical treatment for the alcoholism because of the lack of evidence that it was related to the work injury. *Id.* at 888. With reference to the need for treatment of the Demerol addiction and for pain control, we held that there was evidence, to a reasonable degree of medical certainty, that the need for treatment for pain control and the Demerol addiction was caused by the work injury. *Id.* We also hold the employee was "entitled to future medical benefits, even if treatment for withdrawal from Demerol might also overlap treatment that which [sic] would have otherwise been provided for his alcoholism." *Id.* at 888–89.

An issue similar to that considered here arose in *Hall v. Spot Martin, Inc.*, 304 S.W.2d 844 (Mo.1957). There, the court considered whether the Commission erred by directing the employer's insurer to pay certain hospital, nursing, and medical expenses. *Id.* at 846–47. The appellant claimed that a substantial part of those bills arose from an effort to relieve the employee from pain resulting from cancer, as opposed to the work injury for which the claim was filed. Although the Commission found that the employer and insurer were not liable for medical attention required by the cancer, it ordered pay-

ment of the bills in issue. *Id.* at 847. The Supreme Court of Missouri noted the requirement of § 287.140(1) that an employee shall be provided medical treatment as may be required to cure and relieve from the effects of the work injury, and acknowledged the substantial evidence that the employee's pain was caused both by his work injury and by cancer. *Id.* at 854. The court, in affirming the Commission's award, stated:

> The Commission found that [employer's insurer] 'is liable to this employee ... for all the medical and hospital expenses incurred by employee to cure and relieve him of his disability relating to his back ...' It is evident that in ordering the payment of the instant expenses the Commission had the view that such services were necessary in order to relieve the employee from pain resulting from the injury and disability to his back, *and the fact that such services may have also given relief from the pain caused by the cancer would not relieve [employer's insurer] from liability therefor.* No case has been cited which deals with a situation of that kind and we have not found any. However, after reviewing the evidence, the findings of the Commission, and the provisions of the statute heretofore cited, we have concluded that we cannot say that the instant finding was against the overwhelming weight of the evidence, *or that the Commission acted in excess of its powers* in directing the payment of the disputed items. (emphasis added).[6]

*Id.* at 854–55.

 Based on *Hall* and *Sullivan*, Employee's burden of proof did not require

6. The Supreme Court of Missouri held in *Kasl v. Bristol Care, Inc.*, 984 S.W.2d 852, 853 (Mo. banc 1999), that an amendment to § 287.020 stating that an injury, to be compensable, must be clearly work related, (i.e. if work was a substantial factor in the cause of the resulting medical condition or disability, but that it would not be compensable merely because

him to prove that the medications for which he sought reimbursement benefited the injuries received in the accident "alone." Rather, those cases demonstrate that while the need for the treatment must flow from the work injury, the fact that it also benefits a noncompensable condition is irrelevant. To the extent the Commission's holding was based on the premise that the prescription medications for which reimbursement was sought were compensable only if they were required as a result of the accident "alone," or if they benefited only the injuries received in the accident, it was in error. Such a conclusion is a misinterpretation of § 287.140.1. That statute entitles an injured worker to medical care to cure and relieve from the effects of the injury, but contains no requirement that the treatment benefit only the work injury.

This is not to say that if an injured worker is taking medication or receiving treatment for a pre-existing condition, simply because a work injury would require the same treatment both as to type and extent, the treatment then becomes compensable. The treatment must be due to the work injury and not the pre-existing condition. *O'Donnell* at 192. Thus, *Hall* speaks in terms of the past services being "necessary in order to relieve the employee from pain resulting from [the work injury]," 304 S.W.2d at 854, and *Sullivan* refers to evidence that the need for the treatment in question was "caused" by the work injury. 35 S.W.3d at 888. In the instant case, we gather from the record that some of the medications were being taken, albeit with different frequency or in different forms or dosages, prior to the accident in question. Certainly, to the extent Employee was taking such medications at the time of the accident for his

pre-existing conditions, they would not be reasonably necessary to cure or relieve from the injuries he sustained in the fall.

A different result would obtain, however, if costs were incurred for the treatment of the injuries sustained in the accident, whether that resulted from increased dosages of prior medications, or medications either not previously taken, or not being taken for the pre-existing conditions as of the time of the accident. For instance, such costs could result when medications previously prescribed had been interrupted and were not being taken as of the time of the accident because they were not then medically needed, advisable, or beneficial, but were resumed because they became reasonably medically necessary by reason of the injuries sustained in the accident, or if the dosages, strengths or types of medications previously prescribed for the pre-existing conditions were, by reason of the injuries sustained in the accident, changed or increased with a resulting increase in cost. For example, if a worker is taking medication for arthritis, including for pain control, his claim for prescription costs for increased dosages or for stronger medications caused by a work injury should be compensable even if they will also benefit the pre-existing condition. This view is consistent with *O'Donnell*, which affirmed the denial of reimbursement of past medical bills where the evidence did not sufficiently show the extent, if any, that the claimed bills were due to the work accident and not to a pre-existing condition. *Id.* at 191–92.

To the extent the Commission ruled that in order to be subject to reimbursement, the past medical expenses in the form of

work was a triggering or precipitating factor) had the effect of rejecting language in cases such as *Hall* that indicated an acceptance of the "precipitating" factor rule. The holding

in *Kasl* would not affect the holding in *Hall* that benefits for a compensable injury may include treatment that also gives relief from pain caused by a noncompensable condition.

prescription bills must have been shown to be only for the injuries sustained in the accident, it was an incorrect interpretation and application of the law. As previously indicated, we do not have before us the prescription bills in question. Accordingly, we reverse that portion of the award denying reimbursement of the past medical expenses in the form of prescription bills and remand it to the Commission for reconsideration of that issue in a manner consistent with this opinion.

Employee also complains, as a part of this point, that the Commission erred as a matter of law by requiring that he establish medical causation with 100% certainty rather than that causation is more probable than not, based on a reasonable degree of medical certainty. Contrary to the requirements of Rule 84.04(i) requiring that all statements of fact and argument shall have specific page references to the legal file or the transcript, Employee does not cite us to the record in support of his contention that the Commission required proof of medical causation with 100% certainty. Our reading of the Award does not reveal such a requirement. Accordingly, this portion of point one is denied.

Employee also contends, in his first point, that there were no facts to support that portion of the award denying reimbursement of past medical expenses. As indicated above, Employee, as appellant, has the burden of proving all of the elements of his claim. *Walsh v. Treasurer of the State of Missouri*, 953 S.W.2d 632, 637 (Mo.App. S.D.1997). The gist of this portion of the point is that the Commission erred in not believing the evidence relied on by Employee. The Commission was not required to do so. *Id.* Additionally, Employee cites no authority for his implicit proposition that there must be evidence supporting an award in favor of the party not having the burden of proof. Consider-

ing these factors, and our resolution of the earlier portions of this point, we need not consider this contention.

Employee's second point on appeal is based on the Commission's denial of future medical care. This point relied on is also deficient in many of the ways described with reference to the first point. It includes three subpoints based on different theories; it fails to follow the form delineated in Rule 84.04(d); and it contains abstract statements of law. As indicated above, such deficiencies justify our declining to review a point relied on. Additionally, as in the first point, Employee complains, in one subpoint, that the weight of the evidence established that, "more probably than not," future treatment would cure and/or relieve him from the effects of the injuries suffered in the accident "and [he] did not need to establish causation with 100% certainty." Once again, however, Employee fails to direct us to the portion of the award holding that he was required to prove causation with 100% certainty.

As with the first point relied on, there is one feature of the second point that is capable of being decided. Employee argues, as he did in the first point, that the Commission erred in denying medical benefits, this time future benefits, because it required him to prove that such treatment would not benefit any other condition, rather than proving that it would cure and/or relief him from the effect of his work-related injury. Employee also reiterates his earlier argument that the Commission's award referred to above requires him to show that the need for future treatment flows from the work accident alone, rather than in combination with the preexisting conditions. To the extent this was the basis for the Commission's denial of future medical care, it also was based on

an erroneous statement and application of the law.

 In reaching that conclusion, the ALJ's Findings of Fact and Conclusions of Law, stated that:

both of [Employee's] physicians, who indicate the need for future medical care and treatment exists, ... state in their depositions that the symptomatology present in [Employee's] body areas, such as the neck, low back and shoulders, all have symptomatology caused, or contributed to be caused, by [Employee's] preexisting rheumatoid arthritis. There is no way a physician can differentiate and separate out the cause of the symptomatology. Therefore, [Employee] cannot meet his burden that the need for future medical care and treatment, which he is currently undergoing, "flows from" the work accidents alone.

... there appears to be no question that all of the medications currently being prescribed for [Employee] not only benefit any alleged work-related component of symptomatology stemming from the two workers' compensation claims, but also are caused by [Employee's] preexisting rheumatoid arthritis which has been described to be a progressive disease. Further, [Employee's] clear, preexisting history of low back pain, when he was seeking treatment and evaluation for his rheumatoid arthritis, as well as the prescription medication he was taking to alleviate the preexisting back and joint pain due to the rheumatoid arthritis, are all clear indicators that [Employee's] need for continued medications are due as much to the rheumatoid arthritis as any work accident or claim.

It is sufficient to show that the need for additional medical treatment by reason of a compensable accident is a reasonable probability. *Mathia* at 277. Future medical care must flow from the accident, via evidence of a medical causal relationship between the condition and the compensable injury, if the employer is to be held responsible. *Mickey v. City Wide Maintenance,* 996 S.W.2d 144, 149 (Mo.App. W.D. 1999). A claimant is not required to produce "conclusive" testimony or evidence to support a claim for future medical benefits; it is sufficient if the evidence shows by "reasonable probability" that he is in need of additional medical treatment by reason of the work-related accident. *Landers v. Chrysler Corp.,* 963 S.W.2d 275, 283 (Mo.App. E.D.1997). The type of treatment authorized can be for relief from the effects of the injury even if the condition is not expected to improve. *Landman v. Ice Cream Specialties, Inc.,* 107 S.W.3d 240, 248 (Mo. banc 2003).

 An employer may not be ordered to provide future medical treatment specifically for non-work-related injuries. *Sullivan* at 888. An employer may be required, however, to provide future medical care where there is evidence to a reasonable degree of medical certainty that the need for treatment is caused by the work injury even if the treatment will also provide treatment for a non-compensable condition. *Id.* at 888–889. As is the case with reimbursement for past medical bills, the Commission's Award, to the extent it denied future medical benefits because they were not shown to have been only for the benefit of the work injury, was a misapplication of the law. We must, accordingly, reverse the portion of the Award denying future medical benefits and remand the matter to the Commission for further consideration of that issue consistent with this opinion.

Employee's third point is directed to the extent of the Commission's award for permanent partial disability, i.e. "20% permanent partial disability of the right shoulder

at the 232[-]week level and 5% of the body as a whole at the 400[-]week level for the neck complaints for a total of 66.4 weeks." He also complains about the award of thirty-six weeks of permanent partial disability against the second injury fund. In support, Employee contends that some of the opinions expressed by physicians were incorrect because of various factors, including that they were based on what he characterizes as an incorrect history, that they failed to take into account some factors, and that his testimony was supported by some of the physicians. Essentially, Employee contends that the Commission should have chosen to believe the witnesses he relies upon.

■■■ Again, Employees point relied on fails to comply with the virtual "blueprint" provided by Rule 84.04(d). In addition, Employee cites only two cases in support of this point. Neither of those cases stands for the proposition for which it is cited. It is an appellant's obligation to cite appropriate and available precedent if he expects to prevail. *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978). In *Hampton v. Davenport*, 86 S.W.3d 494 (Mo.App. S.D.2002), this court said:

> It is the appellant's obligation to identify, with particularity, the proposition on which the party relies and to provide accurately referenced authority for the proposition. Likewise, an appellant's obligation includes providing authority in support of alleged trial court errors with accurate citations to that authority. Were the appellate court to undertake these things when an appellant has failed to do them, the appellate court would be assuming the role of advocate. "It is not the function of the appellate court to serve as advocate for any party to an appeal."

*Id.* at 496 (quoting *Thummel* at 686).

■■■ The same requirements apply in workers' compensation cases. If no au-

thority is available, an explanation should be made for the absence of citations. *Thummel* at 687. Where, as here, appellant neither cites relevant authority nor explains why authority is not available, the appellate court is justified in considering the point abandoned. *Shiyr v. Pinckney*, 896 S.W.2d 69, 71 (Mo.App. S.D.1995).

■■■ Notwithstanding that fact, we note that the determination of a specific amount or percentage of disability awarded to a claimant is a finding of fact within the province of the Commission, and this court will not substitute its judgment for that of the Commission even if this court would have made a different initial conclusion. *Sifferman v. Sears, Roebuck and Co.*, 906 S.W.2d 823, 826 (Mo.App. S.D. 1995). The Commission may consider all of the evidence and draw all reasonable inferences in arriving at the percentage of disability. *Id.* Our review of the record in this case indicates that the award, as it related to the percentages of disability, was supported by sufficient competent and substantial evidence. Point three is denied.

The portions of the Commission's award denying reimbursement of past medical bills in the form of prescriptions, and for future medical treatment, are reversed and the case is remanded to the Commission for further consideration of those issues consistent with this opinion. In all other respects the award is affirmed.

BARNEY, P.J., and PREWITT, J., concur.

## ON MOTION FOR REHEARING AND MOTION FOR TRANSFER

PER CURIAM.

Employee filed a "Motion for Rehearing, or in the Alternative, Application for

Transfer to the Supreme Court." In that motion, he contends, inter alia, that the failure to include the bills for past medical services in the record on appeal was an error by the Commission and was through no fault of his. We do not suggest otherwise. We are aware that pursuant to § 287.495.1 the Commission "shall, under its certificate, return to the court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, which shall thereupon become the record of the cause." In this case, however, we have reversed the portion of the award denying reimbursement of past medical expenses in the form of prescription bills and remanded it to the Commission for reconsideration. That reconsideration will include a review, consistent with our opinion, of the bills that were omitted from the record on appeal. Thus, no harm can be said to have accrued to Employee by way of the omission of the referenced medical bills.

Other issues raised in Employee's motion require no further discussion. The motion is denied.