Jim E. MALCOM, Claimant-Respondent,

v.

LA–Z–BOY MIDWEST CHAIR COMPA-
NY, Employer-Appellant,

and

United States Fidelity & Guaranty
Company, Insurer-Appellant.

No. 12062.

Missouri Court of Appeals,
Southern District,
Division Two.

June 25, 1981.

L. R. Buehner, Buehner & Buehner, Joplin, for claimant-respondent.

John R. Martin, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for appellants.

PREWITT, Presiding Judge.

The Labor and Industrial Relations Commission reversed the administrative law judge and entered an award in favor of claimant. The Commission found that his back was injured by an "abnormal strain" caused by several hours of "twisting and turning". The circuit court affirmed the award. Appellants contend that the evidence was insufficient to find that claimant sustained an accident as a result of an abnormal strain; that the Commission erred in finding that claimant gave sufficient notice to his employer of the injury; and the Commission erred in determining that claimant sustained 50% permanent partial disability to the body as a whole.

We initially consider appellants' first point. Only where an award of the Labor and Industrial Relations Commission is not supported by substantial evidence or is clearly contrary to the overwhelming weight of the evidence should we disturb it. *Vogel v. Hall Implement Company*, 551 S.W.2d 922, 923 (Mo.App.1977). The Commission is the judge of the credibility of witnesses and a reviewing court does not substitute its view of the facts for those found by the Commission. *Merriman v. Ben Gutman Truck Service, Inc.*, 392 S.W.2d 292, 296 (Mo.1965).

On November 20 or 21, 1973, claimant's foreman assigned him to work as a "catcher" on the double-end cut-off, a job claimant said he had not previously performed. There was evidence indicating that this job required greater physical effort and put more strain on the back than claimant's regular job. Claimant testified that previous to this date he had no back problems. Claimant had worked for appellant La-Z-Boy Midwest Chair Company for approximately two years. His regular work was driving dowel pins into furniture. He had worked as the "operator" on the double-end cut-off before but never as the "catcher". When driving dowel pins claimant was able to work at his own pace but when working as the catcher on the double-end cut-off he had to work at the pace set by the operator.

The double-end cut-off is a large machine with two saws. Two men operate it. The operator stacks boards on a conveyor which carries them through the saws. In the process both ends of the boards are cut off. After the boards pass through the saws the catcher collects them from an "apron" on his side of the saws and stacks them on a "skid". If the pieces are not properly handled they fall onto the floor and can disrupt the operation. Claimant would stack 12 pieces together on the apron and when he

had 3 stacks of 12 turn and stack them on the skid. The 36 pieces weigh approximately 35 to 40 pounds. While stacking the boards on the skid claimant did not move his feet; he "would just turn and twist and stack them on the skid". Claimant had been working as a catcher about 3 hours and as he was receiving some boards and stacking them felt a pain in his back. He said it "felt like a knife stuck in my back, a tearing, cutting sensation." The employer's records indicate that claimant and the operator were working faster than the average for persons doing those jobs. The operator controls the speed of operation of the saw but because of incentive pay "everybody always run it wide open". Claimant continued to work in that job the balance of the day. His back got progressively worse until the 4th or 5th of December when he ceased work.

Our examination of *Crow v. Missouri Implement Tractor Company*, 307 S.W.2d 401 (Mo. banc 1957) and cases following it, including *Snuggs v. Steel Haulers, Inc.*, 501 S.W.2d 481 (Mo. banc 1973); *Lindquist v. Container Corporation of America*, 537 S.W.2d 676 (Mo.App.1976); *Smith v. Plaster*, 518 S.W.2d 692 (Mo.App. 1975); and *Herbert v. Sharp Brothers Contracting Co.*, 467 S.W.2d 105 (Mo.App.1971), convinces us that the facts here are sufficient to support the Commission's finding that claimant's back injury was caused by an abnormal strain. Claimant was in a job he was not used to and there was evidence indicating that it was physically harder on him than his regular job. In performing it he was standing and twisting in a different manner than in his normal work. Working at a fast pace might have put an unusual strain on his back resulting in the injury. If a claimant suffers an injury resulting from an abnormal strain while engaged in doing different work than normal it is an accident and compensable. *Herbert v. Sharp Brothers Contracting Co.*, supra, 467 S.W.2d at 108. While the facts in *Withers v. Midwest Footwear, Inc.*, 421 S.W.2d 800 (Mo.App.1967), cited by appellants, in some respects are similar to those here, the Commission there found against the claimant. In our review we determine if the Commission could reasonably have made the award under consideration, not whether a contrary conclusion would have been permissible. *Smith v. Plaster*, supra, 518 S.W.2d at 696. Here a contrary result would have been permissible but based on the scope of our review we find that the determination that claimant was injured as a result of an accident was supported by competent and substantial evidence. Point one is denied.

Appellants' second point contends that claimant did not sufficiently comply with § 287.420, RSMo 1969. Admittedly there was no written notice. Claimant testified that on the date of his injury he told his foreman "my back was hurting me real bad and I didn't know what was the matter with it, but if it kept up, I was going to have to find out what was the matter with it." He testified that his foreman replied "to the effect that you are using muscles you didn't know you had". The Commission found that this testimony was true and that it was sufficient notice. Appellants contend that even if true this testimony "falls far short of stating as the Commission found that he reported an injury at work." We do not agree. The foreman knew claimant was working as a catcher at the double-end cut-off that day. It is a fair inference from the foreman's response that he thought working as a catcher caused claimant's back pain because it caused him to use different muscles than he had been using.

Notice of a potentially compensable injury acquired by a supervisory employee is imputed to the employer. *Skinner v. Dawson Metal Products*, 575 S.W.2d 935, 940 (Mo.App.1978). Knowledge of a potentially compensable injury makes a prima facie showing that the employer was not prejudiced by failure to receive timely written notice and shifts to the employer the

burden of proving the contrary. *Smith v. Plaster*, supra, 518 S.W.2d at 699. A general finding in favor of a claimant necessarily implies that there was no prejudice to the employer due to lack of proper notice. Id. The finding of the Commission here that claimant "notified all the proper parties and that the accident was sufficiently investigated by the employer" indicates that no prejudice was found due to failure to give written notice. Point two is denied.

Point three contends that the determination of 50% permanent partial disability to the body as a whole was not supported by substantial evidence. Claimant's physician, who performed a lumbar laminectomy on him, set claimant's disability at 25% of the body as a whole. There was no other medical rating. Appellants contend there was nothing in the record to indicate claimant's condition worsened after his physician last saw him and claim that the disability determination was "speculation and guesswork".

 Percentage of disability is a finding of fact for the Commission and it can consider all the evidence in arriving at the percentage. *Fogelsong v. Banquet Foods Corp.*, 526 S.W.2d 886, 892 (Mo.App. 1975). The Commission is not bound by the percentage estimates of medical experts. *Blair v. Associated Wholesale Grocers, Inc.*, 593 S.W.2d 650, 655 (Mo.App.1980). Claimant has been unemployed since shortly after he hurt his back. He regularly takes Demerol and Anacin for back pain. He testified that walking creates a "cutting, tearing sensation" in his back, which comes quicker when walking on a concrete floor. He also has difficulty in negotiating stairs. It is a fair inference from the testimony that claimant cannot engage in any extensive physical activity because of his back injury. We believe that the evidence was sufficient to support the Commission's finding as to permanent disability. Point three is denied.

The judgment is affirmed.

All concur, except MAUS, J., disqualified.