**Will GRIFFIN, Appellant,**

v.

**PORTA CORPORATION, and Treasurer of the State of Missouri as Custodian of the Second Injury Fund, Respondents.**

No. 50371.

Missouri Court of Appeals,
Eastern District,
Division One.

April 22, 1986.

Sawyer Marglous, James Lownsdale, Clayton, for appellant.

William E. Roussin, Sp. Asst. Atty. Gen., St. Louis, for respondents.

CARL R. GAERTNER, Presiding Judge.

Asserting the knee injury he suffered in a work-related accident exacerbated a preexisting disability so as to render him permanently and totally disabled, claimant sought compensation from the Second Injury Fund. § 587.220, RSMo.Supp.1984. An administrative law judge determined the degree of overall bodily disability caused by claimant's second injury exceeded the sum of the disability percentages assigned his preexisting impairment and his second injury by 7.5%. The judge found the Fund liable for 7.5% increased disability, but refused to find claimant totally disabled. The Labor and Industrial Relations Commission affirmed the administrative law judge's award. Claimant appeals.

This court will modify an award of the Labor and Industrial Relations Commission if it is not supported by substantial evidence or if it is clearly contrary to the overwhelming weight of the evidence. *Malcom v. La-Z-Boy Midwest Chair Company*, 618 S.W.2d 725, 726 (Mo.App.1981). Claimant asserts that the overwhelming weight of the evidence compels the conclu-

sion that his knee injury combined with his preexisting ailments to render him permanently and totally disabled. We disagree. Though claimant's witness, a specialist in internal medicine, testified that claimant's knee injury combined with his preexisting heart disease, hypertension, diabetes, and eye trouble to render him totally disabled, the testimony was not uncontradicted. The Fund's witness, a general surgeon who routinely examined workers involved in industrial accidents and rated their disabilities, testified that though claimant's knee injury increased his overall bodily disability it did not combine with his preexisting ailments to render him totally disabled. The Fund's witness testified that claimant was not permanently and totally disabled after he injured his knee in April, 1982. He admitted that claimant had become totally disabled by the date of his examination, September, 1983, but this was solely a result of the progression of his coronory artery disease and was unrelated to his knee injury. The Commission found the Fund's witness more persuasive. The Commission judges the credibility of witnesses and this court will not substitute its view of the facts for those found by the Commission. *Kowalski v. M–G Metals and Sales, Inc.*, 631 S.W.2d 919, 921 (Mo.App.1982). The facts as found by the Commission support the award.

The decision of the Commission is affirmed.

SMITH and SNYDER, JJ., concur.