**William K. MARTIN,**
**Employee/Respondent,**

v.

**LINDBURG CADILLAC,**
**Employer/Appellant.**

**No. 55717.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 13, 1989.

George T. Floros, Evans & Dixon, St. Louis, for employer/appellant.

Morris B. Kessler, Kessler & Kessler, St. Louis, for employee/respondent.

SMITH, Presiding Judge.

Employer appeals from a worker's compensation award by the Labor and Industrial Relations Commission. The award found a permanent partial disability of 2½% of the body resulting from disability to the back and 5% of the body resulting from a hernia for a total of 7½% of the body as a whole. An award was also made of six weeks temporary total disability and medical expenses of $3166.68. We affirm.

The administrative law judge found that claimant sustained the injury during his employment when he fell while repairing an automobile. The judge also found that a few days later claimant verbally reported the accident and injury then known, the hernia, to his shop foreman. The back injury was an aggravation of a pre-existing condition and by claimant's testimony occurred as a result, in part, from his favoring one leg as a result of the hernia. Claimant made no report of the back problem to his employer, it was not identified in claimant's original claim for compensation, and was identified in the amended and second amended claims only by addition of the words "and entire body" after the word "hernia." Claimant also did not disclose the back injury during his deposition because, he said, he believed the question posed about present problems referred to pain he was experiencing at the precise moment the question was posed and he was not having back pain at that moment.

The Commission affirmed the award of the administrative law judge with one member vigorously dissenting. The dissent was based upon the member's assessment of claimant's credibility and in two and one-half pages sets forth in detail the inconsistencies, forgetfulness, vacillations, improbabilities, misrepresentations, and untruths in the claimant's testimony. The matters set forth in the dissent clearly appear in the record and it is difficult to disagree with the assessment by the dissent of claimant's credibility.

■ We are not, however, the fact finders. The question of credibility is vested in the Commission and we have no authority to impose our judgment of credibility in place of that of the Commission. *Ford v. Bi–State Development Agency*, 677 S.W.2d 899 (Mo.App.1984) [1]. If the claimant's testimony is credited, as it was here, then there is evidence to support the award. Our review is limited to that determination.

■ Employer contends that the award for the back injury must be disallowed because by claimant's own admission the injury to his back was never reported to the employer as required by Sec. 287.-420, RSMo 1986. The fact of an injury was reported to the employer if claimant's testimony is accepted. We have been cited to no case, and have found none, which requires that each medical consequence of a given accident be reported to the employer. The report to the employer is intended to give the employer a timely opportunity to investigate the facts as to whether an accident did occur, and if it did, to promptly furnish medical attention to the employee to minimize the injury. *Klopstein v. Schroll House Moving Co.*, 425 S.W.2d 498 (Mo.App.1968) [1–5]. Accepting claimant's evidence that employer was timely notified, it took no action to investigate or to provide medical attention. We cannot conclude as a matter of law that the failure to report the back injury, which caused minimal disability, served to prejudice the employer.

Claimant's request for damages for frivolous appeal is denied.

Award of the Labor and Industrial Commission is affirmed.

STEPHAN and SATZ, JJ., concur.