Lawrence PATTENGILL,
Employee/Appellant,

v.

GENERAL MOTORS CORPORATION,
Employer/Respondent.

No. 59684.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 24, 1991.

Harry James Nichols, St. Louis, for employee, appellant.

Brian J. Dean, Harlan & Harlan, St. Louis, for employer, respondent.

CRANE, Judge.

Claimant, Lawrence Pattengill, sought worker's compensation for injuries he sustained while employed by the General Motors Corporation as a pipefitter. The administrative law judge found that claimant had sustained a compensable work-related injury and awarded compensation. The Labor & Industrial Relations Commission reversed the award of compensation, with one member vigorously dissenting. We reverse the award of the Commission denying compensation and remand.

Claimant testified he was injured on February 22, 1986 while attempting to align a 300 pound burner with a pipe as he was standing on a twelve foot A frame ladder. He further testified that after descending from the ladder he informed his foreman that he felt a "ting" or a "pull" while he was up on the ladder. His foreman replied, "Well you probably pulled a muscle." Claimant continued to work but at a later date sought medical attention from his personal physician, Dr. Bonacotti who referred him to a surgeon for hernia repair in May of 1986. General Motor's employee insurer paid claimant's medical bills and he was paid sick leave benefits.

On review of a worker's compensation claim we review the whole record in the light most favorable to the decision, deferring to the Commission when it resolves issues concerning the credibility and weight to be given to conflicting evidence. *Ford v. Bi–State Development Agency*, 677 S.W.2d 899, 901 (Mo.App.1984). In the absence of fraud, the findings of fact made by the Commission within its powers are conclusive and binding. We review only questions of law and may modify, reverse, remand for rehearing, or set aside the award only upon one or more of the following grounds:

(1) that the Commission acted without or in excess of its powers;

(2) that the award was procured by fraud;

(3) that the facts found by the Commission do not support the award;

(4) that there was not sufficient competent evidence in the record to warrant the making of the award.

Section 287.495.1 RSMo 1986; *Ross v. Safeway Stores, Inc.*, 738 S.W.2d 611, 616 (Mo. App.1987).

In this case only claimant and his doctors testified. Claimant's testimony was uncontradicted and the Commission specifically found that credibility was not an issue. The award of compensation was reversed because the Commission found claimant failed to give his employer adequate notice of his injury. Section 287.420 RSMo 1986 requires the employee to give notice of the time, place and nature of his injury and the name and address of the person injured within thirty days after the accident in order to bring a compensation proceeding. The report to the employer is intended to give the employer a timely opportunity to investigate whether an accident occurred and, if it did, to promptly furnish medical attention to the employee to minimize the injury. *Martin v. Lindburg Cadillac*, 772 S.W.2d 12, 13 (Mo.App. 1989).

The statute excuses the requirement of written notice where the employer is not prejudiced by the failure to receive the notice. *Ford*, 677 S.W.2d at 902. An employee makes a prima facie showing that the employer was not prejudiced by the failure to receive timely written notice if he establishes his employer has actual knowledge of a potentially compensable injury. The burden of proving prejudice then shifts to the employer. *Id.* Notice or knowledge is imputed to an employer when it is given to a supervisory employee. *Malcom v. La–Z–Boy Midwest Chair Co.*, 618 S.W.2d 725, 727 (Mo.App.1981).

In *Malcom*, 618 S.W.2d at 726–27, the claimant was working as a "catcher" at the end of an assembly line. This was not his regular job. After about three hours he felt a pain in his back. He continued working even though the pain got progressively worse. Claimant testified he told his foreman on the day of the injury, "my back was hurting me real bad and I didn't know what was the matter with it, but if it kept up, I was going to have to find out what was the matter with it." *Id.* at 727. He testified his foreman replied, "You are using muscles you didn't know you had." *Id.* The court held that it could be inferred from the foreman's response that the foreman thought that working as a catcher caused the claimant's pain because it caused him to use different muscles than he had been using. *Id.* The court imputed this notice to the employer. *Id.*

The Commission distinguished *Malcom* and found that Pattengill did not give notice likely to inform General Motors of a

potential claim which would give the company the opportunity to investigate the accident. It pointed out that the claimant in *Malcom* stated to his supervisor that he would have to get his back looked at if it kept hurting, whereas Pattengill did not mention that he might get the condition looked at or identify a specific injury to a particular part of his body. We do not find the difference in what the claimants told their foremen in these two cases to be significant. Under *Malcom,* Pattengill's statement of pain to the foreman, which the foreman acknowledged and attributed to pulling a muscle, was sufficient to support an inference of actual knowledge on the part of the foreman of a work related injury. The report of an injury was sufficient, and it was not necessary that the medical consequence of the injury, the hernia, be reported. *Martin,* 772 S.W.2d at 13. Having thus shown knowledge, claimant made a prima facie showing that employer was not prejudiced. The employer did not put on any evidence and thus did not overcome the prima facie showing.

Since the employer had some actual knowledge of a potentially compensable injury and did not demonstrate any prejudice due to lack of written notice, the notice given by claimant to his foreman was sufficient. We reverse the award of the Commission denying compensation and remand to the Commission to enter an award.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.