Maggie SMITH, Claimant/Appellant,

v.

ARTHUR'S FASHIONS and American Motorist Insurance Company, Employer–Insurer/Respondents.

No. 62114.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 22, 1992.

**4**

Jack R. Itzkowitz, St. Louis, for claimant/appellant.

William R. Gallagher, St. Louis, for employer-insurer/respondents.

REINHARD, Judge.

Claimant appeals from a final award of the Labor and Industrial Relations Commission (Commission) denying her claim for Workers' Compensation benefits. The administrative law judge (ALJ) found that claimant was not entitled to benefits because she failed to give employer adequate notice of her injury, and this decision was affirmed by the Commission, with one member dissenting. We reverse the Commission's denial of compensation and remand.

Claimant worked as a merchandise and traffic coordinator, and bookkeeper at employer's business offices. In March, 1988, she had undergone gallbladder surgery and her superiors were aware of this operation. On June 23, 1988, claimant was in the office when boxes full of plastic bags were delivered to the warehouse. Nobody was around to unload the truck so the President, Arthur Ruden, asked claimant to help. The 180 boxes on the truck weighed approximately 30 pounds each.

Claimant testified that while lifting the boxes she experienced discomfort in her lower right quadrant which persisted until she felt like her "guts had been torn in half." She said she informed the president, who was working alongside her, of the abdominal pain and asked him to find some people to assist them. Claimant did not stop working until the boxes were unloaded. She further testified that the next day she told employer's Vice-President, Jerome Berger, about the injury and he told her to take it a little easier.

In August, 1988, claimant noticed a slight bulge in the area of the gallbladder scar. She testified that she informed her superiors that she was going to seek medical help for her abdominal pain and Mr. Berger told her to go see a doctor. She went to see Dr. Soper, who was filling in for the doctor who had performed her gallbladder surgery, and he diagnosed claimant as having an incisional hernia; surgery was performed on August 25, 1988. In December, 1988, and again in April, 1989, claimant returned to Dr. Soper complaining of pain at the hernia incision point. He diagnosed a recurring hernia and again performed surgery on May 2, 1989.

Claimant presently complains of a deadening of the surgery site, the fact that she can no longer do any heavy lifting, and a pulling sensation which she attributes to an implanted hernia mesh. Dr. Soper's records do not indicate that claimant mentioned the June 23, 1988, incident at work. Claimant testified that after the second hernia surgery in May, 1989, she told Dr. Soper of the pain she had felt at work while lifting the boxes and he said the

hernia could be related to that incident. Claimant further stated that after this conversation with Dr. Soper she talked to Mr. Berger about her injury and he provided her with a report to fill out and the name of employer's insurance representative.

In a deposition admitted into evidence at the hearing, Dr. Graff, claimant's expert, testified that claimant's present disability was related to the June 23, 1988, incident at work.

■ On appeal, claimant contends the Commission erred in determining that notice of her work-related injury had not been given to employer. This issue is a question of fact, which was resolved by the Commission in favor of employer. The power to judge the credibility of witnesses, to resolve conflicts in testimony, to weigh evidence, and to draw factual inferences is vested in the Commission as trier of fact. We examine the record in the light most favorable to the award. If the award is supported by competent and substantial evidence, we do not disturb it. *Raines v. City of St. Louis*, 711 S.W.2d 544 (Mo.App. 1986).

We review only questions of law and may modify, reverse, remand for rehearing, or set aside the award only upon one or more of the following grounds:

(1) that the Commission acted without or in excess of its powers;

(2) that the award was procured by fraud;

(3) that the facts found by the Commission do not support the award;

(4) that there was not sufficient competent evidence in the record to warrant the making of the award.

Section 287.495.1, RSMo 1986.

■ Claimant's testimony was uncontradicted and it is clear that her credibility was not an issue. The Commission denied compensation because it found claimant failed to give employer adequate notice of her injury. Section 287.420, RSMo 1986, requires a claimant seeking compensation to give notice of the time, place and nature of her injury and the name and address of the person injured within thirty days after the accident. This is intended to give the employer an opportunity to investigate a claimant's injury and furnish timely medical attention if it determines the injury was the result of a work-related accident. *Martin v. Lindburg Cadillac*, 772 S.W.2d 12, 13 (Mo.App.1989).

The statute excuses the requirement of written notice where the employer is not prejudiced by the failure to receive the notice. [A claimant] makes a prima facie showing that the employer was not prejudiced by the failure to receive timely written notice if he establishes his employer has actual knowledge of a potentially compensable injury. The burden of proving prejudice then shifts to the employer. Notice or knowledge is imputed to an employer when it is given to a supervisory employee.

*Pattengill v. General Motors Corp.*, 820 S.W.2d 112, 113 (Mo.App.1991) (citations omitted).

The Commission acknowledged that employer was aware of the abdominal pain claimant experienced at work on June 23, 1988, however, it denied compensation because of a finding that employer was not timely notified that a hernia resulted from the work incident. There is no dispute that: employer's president was standing next to claimant when she was injured and he was informed of the injury, she told employer in August, 1988, that she needed to seek medical treatment for her abdominal pain, and employer was aware that claimant had surgery in August, 1988, and May, 1989, to relieve her abdominal pain. Furthermore, as soon as claimant became aware that there was a possibility the surgery was required because of her injury while lifting the boxes, she notified employer of this fact. Employer then pointed claimant in the direction of its insurance representative.

From this evidence, it is clear that the president received notice of a potentially compensable injury and was informed at all stages of claimant's abdominal problems. There is no indication that employer offered medical help and claimant did not learn until her second operation that her

hernia was possibly work-related, whereupon she immediately informed her employer. Thus claimant made a prima facie showing that employer was not prejudiced by claimant's failure to provide written notice of injury. Employer did not introduce any evidence of prejudice and thus failed to overcome claimant's prima facie case. Accordingly, we find that claimant complied with the notice requirements of § 287.420 and remand the case for a further determination of claimant's entitlement to Workers' Compensation benefits.

Judgment reversed and remanded.

AHRENS, P.J., and CRIST, J., concur.