**David K. JULIAN, Claimant–Employee–Respondent,**

v.

**CONSUMERS MARKETS, INC., Employer–Appellant.[1]**

No. 19045.

Missouri Court of Appeals,
Southern District,
Division Two.

July 1, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied
July 22, 1994.

Application to Transfer Denied
Sept. 20, 1994.

Kenneth W. Johnson, Twibell, Greene & Johnson, Springfield, for claimant-employee-respondent.

Raymond E. Whiteaker, John E. Price, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for employer-appellant.

PREWITT, Judge.

David Julian filed a workers' compensation claim, contending he was injured while working for Consumers Markets, Inc. on June 26, 1989. Consumers appeals from an award

1. The record on appeal certified by the Labor and Industrial Relations Commission and the parties' briefs erroneously styled this matter Consumers Markets, Inc., Employer–Appellant vs. David Julian, Employee–Respondent. See Rule 81.03.

granting him compensation entered by the Labor and Industrial Relations Commission on August 26, 1993. On appeal Consumers has two points relied on, contending in them that the evidence was insufficient to allow any compensation, and to find that Julian was permanently and totally disabled.

Review of the Commission's decision is limited to a determination if its "findings are authorized by law and supported by competent and substantial evidence on the whole record." *Roby v. Tarlton Corp.*, 728 S.W.2d 586, 587 (Mo.App.1987). The evidence is examined in the light most favorable to the findings of the Commission and its decision, accepting all reasonable inferences therefrom and disregarding all unfavorable evidence. *Id.* The Commission judges the credibility of witnesses. *Malcom v. La–Z–Boy Midwest Chair Co.*, 618 S.W.2d 725, 726 (Mo.App. 1981). In our limited review, we conclude that the evidence was sufficient to support the award and therefore it must be affirmed.

By its first point, Consumers contends the evidence was insufficient "because the employee did not establish by competent medical testimony, a causal relationship between his physical condition and alleged disability, and any on-the-job injury sustained on June 26, 1989." The Commission elected not to follow the opinion of James T. Shaeffer, M.D., a decision which Consumers contends "is clearly against the overwhelming weight of the evidence." The acceptance or rejection of Dr. Shaeffer's testimony was for the Commission, and we do not substitute our view of the facts for those found by the Commission. *Malcom*, 618 S.W.2d at 726.

Likewise, the determination of whether plaintiff was totally and permanently disabled was a question of fact for the Commission. Julian's testimony was properly considered by the Commission in finding that he was totally and permanently disabled. *Ford v. Bi–State Development Agency*, 677 S.W.2d 899, 904 (Mo.App.1984). His testimony, together with that of Wilbur T. Swearengin, a rehabilitation specialist, and the physicians adequately supported the award.

The Commission does not have to make its decision only upon testimony from physicians; it can make its finding from the entire evidence. *Id.* at 903–904. To be permanently and totally disabled does not require that the employee be completely inactive or inert. *Kowalski v. M–G Metals and Sales, Inc.*, 631 S.W.2d 919, 922 (Mo.App. 1982).

The order of the Labor and Industrial Relations Commission awarding compensation is affirmed.

FLANIGAN, P.J., and GARRISON, J., concur.