William **BOWERS**, Claimant–Appellant,

v.

**HILAND DAIRY CO.**, Employer–Respondent,

and

**Old Republic Insurance Co.**, Insurer–Respondent,

and

Treasurer of The State of Missouri, Custodian of the Second–Injury Fund, Additional Party–Respondent.

No. 26902.

Missouri Court of Appeals, Southern District, Division One.

Feb. 22, 2006.

Rehearing Denied March 14, 2006.

Application for Transfer Denied May 2, 2006.

---

3. A review of the sentencing form indicates other clerical mistakes in Counts XIV and XV.

Michael A. Gerritzen, Gerritzen & Gerritzen, St. Louis, MO, for appellant.

Richard L. Schnake and Kevin Hays Dunaway, Neale & Newman, L.L.P., Springfield, MO, for respondent.

DONALD BARNES, Senior Judge.

William Bowers ("Claimant") appeals a determination by the Labor and Industrial Relations Commission ("Commission") denying Claimant's workers' compensation claim for reimbursement of past medical expenses and requesting future medical care. Upon remand for reconsideration of its denial of reimbursement of past medical expenses and future medical benefits in *Bowers v. Hiland Dairy Co.*, 132 S.W.3d 260, 269 (Mo.App.2004) ("*Bowers I*"), the Commission found that Claimant failed to establish that past medical expenses and the need for future medical treatment were causally related to a work injury he suffered on February 25, 1999. To best understand the posture of this case, the history needs to be divided into three parts.

In 1976, Claimant suffered an injury to his left leg and other parts of his body. In approximately 1988, he contracted hepatitis C and subsequently developed rheumatoid arthritis which caused swelling, pain and restriction in multiple joints. Claimant received medical treatment and medications, including prednisone, as a result of these conditions, to which we will hereinafter refer as "pre-existing conditions."

On February 25, 1999, while employed by Hiland Dairy Company ("Hiland"), Claimant was injured when he fell from a height of approximately four feet onto concrete as he was unloading a truck. He suffered injuries to his head, right shoulder and right side and subsequently received medical treatment, including medications such as prednisone and perhaps other medications he had been receiving to treat the above-referenced pre-existing conditions. As a result, Claimant incurred physician, hospital and prescription bills in the amount of $15,851.42.

Claimant did not work for Hiland following the February 25, 1999 accident until he returned to work on September 28, 2000. After approximately two hours on the job that day, Claimant's back was injured as a result of repetitive lifting.

Claimant eventually filed two separate claims seeking awards for disability, reimbursement for past medical treatment and future medical care and treatment. One, which is the subject of this appeal, was a claim for the February 25, 1999 work-related injury. The other was an occupational disease claim for the September 28, 2000 injury. On November 4, 2002, the Administrative Law Judge ("ALJ") awarded temporary and partial permanent disability resulting from both the February 25, 1999 accident and the September 28, 2000 injury. However, the ALJ found from the testimony of medical witnesses that symptomology from the pre-existing conditions and those from the February 25, 1999 accident and the September 28, 2000 incident could not be differentiated or separated. Claimant's requests for reimbursement of past medical treatment and prescriptions and for future medical care in both claims were denied.

The ALJ further found that the medications prescribed for Claimant at the time of the hearing were of the same type as those which had been prescribed to treat Claimant's pre-existing conditions and were as much for rheumatoid arthritis as for the work-related accident or occupational disease claims. It was determined that Claimant's need for past medical treatment and prescriptions must "flow from" the work injury *only* and that Claimant failed to meet his burden of proof that any future medical care must arise from the work injury or the occupational disease *alone*. The findings and judgments of the ALJ were affirmed by the Commission.

The award of disability arising from the September 28, 2000 incident became a final judgment, as Claimant did not contest that award by filing post-hearing motions or an appeal. Thus, the denial for medical care costs became a final determination as to the September 28, 2000 occupational disease claim.

However, Claimant did appeal the ALJ's determination, which was affirmed by the Commission, relating to the February 25, 1999 accident. This Court considered the same in *Bowers I* and reversed and remanded to the Commission for further hearing consistent with its opinion on the issues related to past and future medical treatment. The Commission denied the claim for past and future medical treatment because Claimant could not prove that the medication he had received and would in the future receive after the February 25, 1999 accident would *only* benefit

his work injury of that date, as opposed to benefiting his earlier or pre-existing medical conditions arising from hepatitis C and rheumatoid arthritis. It was this ruling Claimant appealed in *Bowers I.*

In an exhaustive review of the applicable statute, § 287.140.1, RSMo, and applicable case law, this Court found the following statements of law to control the issues raised in the appeal: (1) a workers' compensation claimant is not required, for purposes of reimbursement for past treatment and medications, to prove that medical treatment rendered following the date of the work-related accident benefited *only* the conditions resulting from the work-related injury. Rather, a claimant need only prove that the need for the treatment and medication flow from the work injury, and the fact the medication or treatment may also benefit a non-compensable or earlier injury or condition is irrelevant; (2) likewise, a workers' compensation claimant cannot be denied an award for future medication and treatment because he could not prove they would *only* benefit the work injury.

This Court found error in the determination of the ALJ and subsequent holding of the Commission requiring that Claimant prove that prior and future medical treatment for cure or relief of pain benefit only the conditions arising from the injury, because such a conclusion was a misinterpretation of § 287.140.1, RSMo. Because the record before this Court in *Bowers I* relating to medical expenses and, in particular, prescription costs did not establish what portion of such expenses, if any, was incurred because of the February 25, 1999 accident, or what portion, if any, was incurred for the pre-existing conditions, the matter was remanded for a determination of these issues. This Court did not determine whether the medical treatment and medications received after the February

25, 1999 accident were for the benefit of the accident or the pre-existing conditions, or for both, or how much should be allotted to either. However, it did hold that a determination was necessary, for an employer is not held responsible for that medical care and treatment which does not flow from the work-related accident or claim alone.

On remand, the Commission noted there was a clerical error omitting a portion of the record itemizing bills for prescriptions, and for that reason and for the purpose of hearing evidence on the issue of causal connection to the February 25, 1999 injury and/or pre-existing conditions, the Commission remanded the matter to the Division of Workers' Compensation ("Division"). Claimant objected to that remand and filed a motion on April 5, 2005 before the Commission for reconsideration of that remand which was denied. Without further evidence, except for the complete package of prescription bills, the Commission concluded that Claimant had the burden to produce evidence from which it could fairly be established what medical care and treatment arose from the cause for which Hiland would be responsible, *i.e.*, the February 25, 1999 accident. Claimant provided no further evidence to establish what part of his medical care or what extent thereof, if any, was causally related to the February 25, 1999 injury.

The Commission apparently determined, in a two-to-one vote, the medical evidence did not establish that the need for medications, both past and future, arose from the February 25, 1999 injury.

Using the criteria established under *Bowers I*, the Commission on remand found and held:

> [Claimant] has not demonstrated that past bills are causally related to the work injury of 1999. *Pemberton v. 3M*

*Co.*, 992 S.W.2d 365, 368–69 (Mo.App. 1999).

In addressing the need for pain relieving and/or other medications in this case[,] [Claimant] has established only that those medications, past and future, are to cure and relieve him of his preexisting condition, his compensable injury of 1999 and his compensable injury of 2000, which is not before us. [Claimant] has not shown that the need for past and/or future medications is related to the 1999 injury.

The Commission also stated in its findings:

Dr. Guarino [Claimant's physician] testified that the medications were universal prescriptions for pain and were not for an isolated injury but for all of the complaints of pain. Dr. Guarino testified that the medications prescribed treated not only the effects of the 1999 injury but were for that injury and the 2000 injury.

Thus we have two compensable matters tried simultaneously. Past and future medical care was claimed by [Claimant] on both matters. Expert physicians testified as to the need for past and future medications but could only say that both injuries produced that need. Accordingly, we find that [Claimant] has not established that the need for past and future medications and/or treatment is the result of the 1999 injury for which Employer/Insurer is liable.

... [Claimant] must produce evidence from which it may reasonably be found that the need for medical treatment arose from the cause from which employer would be liable. *Griggs v. A.B. Chance Company*, 503 S.W.2d 697 (Mo. App. W.D.1973).

The Commission's written decision made reference to the testimony of Dr. Satterlee, whom it found to be more credible and persuasive than other medical witnesses and who opined that Claimant was in no need for further treatment as a result of the 1999 injury, citing *Malcom v. La–Z–Boy Midwest Chair Co.*, 618 S.W.2d 725, 726 (Mo.App.1981) for the proposition that the Commission determines the credibility of medical witnesses.

The Commission's holding on remand was based on the same medical testimony adduced at the first hearing, except for a list of medications which the parties provided. Claimant did not elect to provide further medical evidence.

## POINTS ON APPEAL

In his second appeal arising from the February 25, 1999 injury, the matter now before this Court for the second time, Claimant alleges in Point I that the Commission, in its March 10, 2005 decision, again erred in denying past medical expenses of $15,851.42 for the February 25, 1999 injury because: (A) the Commission failed to follow this Court's directive in *Bowers I*, in that the Commission required Claimant to show that past medical care was not related to the September 28, 2000 occupational disease claim; (B) the Commission erroneously found that the September 28, 2000 occupational disease claim was a full and final decision on the merits, and the Commission cannot lawfully deny Claimant past medical expenses for the February 25, 1999 accident upon a finding that the same were incurred because of the September 28, 2000 occupational disease; and (C) there was not sufficient evidence before the Commission to deny past medical care, and the award was thus contrary to the weight of the evidence before the Commission.

In Point II, Claimant alleges the Commission erred in its March 10, 2005 award denying future medical care for the Febru-

ary 25, 1999 injury because: (A) the Commission failed to follow the directive of this Court in *Bowers I* by employing an erroneous causation standard and placed an erroneous burden upon Bowers to prove future medical care was not related to the September 28, 2000 occupational disease claim or did not also treat conditions of the lower back sustained by the September 28, 2000 occupational disease; (B) the Commission ruled the November 4, 2002 award for Claimant's occupational disease claim was a final decision on the merits, finding the requested future treatment was not caused by the September 28, 2000 occupational disease, and based on collateral estoppel, the Commission should not have denied future medical treatment under the February 25, 1999 injury upon a finding that same was caused by the September 28, 2000 occupational disease; and (C) there was insufficient competent evidence in the record to warrant the making of the award and denial of future medical care was contrary to the weight of the evidence.

In Point III, Claimant alleges, alternatively to the issues in Points I and II, that the Commission erred in its June 10, 2004 order, as it failed to reopen the September 28, 2000 occupational disease claim to reconsider whether past and future medical care was caused by the September 28, 2000 occupational disease. Claimant asserts he was denied the right to a meaningful hearing guaranteed to him under the due process clause under Amendment XIV to the U.S. Constitution and Article I, § 10 of the Missouri Constitution by denying past and future medical under the February 25, 1999 injury upon a finding the same was caused by the September 28, 2000 occupational disease without reopening or reviewing that claim.

## STANDARD OF REVIEW AND BURDEN OF PROOF

In considering the assignments of error, this Court is bound by certain principles of review as set out in *Bowers I*. The appropriate standard is whether, considering the whole record, there is sufficient competent and substantial evidence to support the Commission's determination. *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo.banc 2003). Further, this Court will review the Commission's findings, not those of the ALJ. *Williams v. City of Ava,* 982 S.W.2d 307, 310 (Mo.App.1998), *overruled on other grounds by Hampton,* 121 S.W.3d at 226. The Commission is the finder of facts and is free to believe or disbelieve any evidence presented. *Hampton,* 121 S.W.3d at 223.

Evidence must demonstrate that future medical care required flows from the accident in order to hold an employer liable for benefits. *Mickey v. City Wide Maintenance,* 996 S.W.2d 144, 149 (Mo. App.1999), *overruled on other grounds by Hampton,* 121 S.W.3d at 226. An employer is not responsible for compensation for future medical care unless the evidence establishes a reasonable probability that additional medical treatment is needed and, to a reasonable degree of medical certainty, that the need arose from the work injury, even if the treatment will also provide a benefit to a non-compensable condition. *Landers v. Chrysler Corp.,* 963 S.W.2d 275, 283 (Mo.App.1997), *overruled on other grounds by Hampton,* 121 S.W.3d at 226; *Sullivan v. Masters Jackson Paving Co.,* 35 S.W.3d 879, 888–89 (Mo.App. 2001), *overruled on other grounds by Hampton,* 121 S.W.3d at 225.

## CONSIDERATION OF POINTS ON APPEAL

Claimant's arguments in Point I(A) and Point II(A) are considered together, as they are the same, *i.e.,* the first relating to past medical care and the second to

future medical care. It is Claimant's position that the Commission improperly interpreted and applied § 287.140.1, RSMo. In pertinent part, that section of the statute reads:

In addition to all other compensation paid to the employee under this section, the employee shall receive and the employer shall provide such medical, surgical, chiropractic, and hospital treatment, including nursing, custodial, ambulance and medicines, as may reasonably be required after the injury or the disability, to cure and relieve from the effects of the injury.

This Court holds that the Commission properly applied § 287.140.1 to both claims for past and future medical care. Based on the evidence, the Commission found and held that Claimant failed to prove by the required standards of proof that the need for past medical care arose from the February 25, 1999 injury and not from the September 28, 2000 occupational disease and/or the pre-existing conditions. Likewise, the Commission found and held with respect to the claim for future medical care and treatment that Claimant failed to prove by applicable standards of proof that any need for medical arose from the February 25, 1999 accident as the initiating cause for future medical care and treatment, regardless of what other non-compensable causes it would benefit.

As this Court held in *Bowers I*, while it is irrelevant the medical treatment may have benefited pre-existing conditions, the need must flow from the work injury which is the initial basis for the claim. *Bowers I*, at 268. Otherwise, the employer is held responsible for a causation other than the injury in his work place.

■ In arriving at its conclusion, the Commission analyzed the testimony of the medical witnesses. This Court defers to the Commission's determination of the weight and credibility of the evidence be-

fore it. *Aldridge v. Southern Mo. Gas Co.*, 131 S.W.3d 876, 880 (Mo.App.2004). Accordingly, the Commission's application of § 287.140.1 to both past and future medical care claims was proper, and Points I(A) and II(A) are therefore denied.

■ Similarly, Points I(B) and II(B) are considered together, as in both Claimant posits the Commission incorrectly denied past and future medical care awards on the basis that the September 28, 2000 occupational disease claim was the cause for both past and future medical care. He argues the claim for occupational disease arising from the injury of September 28, 2000 resulted in what is now a final judgment which determined that past and future medical treatment for the February 25, 1999 accident was not a result of the September 28, 2000 occupational disease. He argues the two holdings are, therefore, inconsistent.

He further argues that collateral estoppel prevents the Commission from finding past and future medical care is not caused by the September 28, 2000 occupational disease, but he fails to cite where in the record the Commission made a finding denying past and future medical care based only on the September 28, 2000 incident.

■ Collateral estoppel has four elements: (1) the issue decided in the prior adjudication is identical to the issue as to which collateral estoppel is sought in the present adjudication; (2) the prior adjudication was a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or is in privity with a party in the prior adjudication; and (4) the party against whom collateral estoppel is being asserted had a full and fair opportunity to litigate the issue in the prior suit. *Ryan v. Ford*, 16 S.W.3d 644, 648 (Mo.App.2000). The doctrine of collateral estoppel prevents the party from litigating an issue which that party, or its privy, has litigated and lost. *Id.*

Collateral estoppel is not applicable here because the Commission did not deny Claimant past and future medical treatment for the reason that treatment was caused by the September 28, 2000 claim. Rather, the Commission denied compensation because it believed Claimant failed in his burden of proof to adduce sufficient evidence to prove that the treatment was a result of or flowed from the February 25, 1999 injury. The Commission held the evidence established only that the treatment was caused either by the February 25, 1999 injury and/or the September 28, 2000 occupational disease and/or pre-existing conditions. The Commission, therefore, held Claimant did not establish that the February 25, 1999 injury was causally related to either the past or future medical treatment claimed. The issue is one based on sufficient evidence, not whether the occupational disease claim was or was not the cause of the treatment. Hence, Claimant's reliance on collateral estoppel is misplaced. Therefore, Points I(B) and II(B) are denied.

 Points I(C) and II(C) are considered together, as they present the same issue. Claimant argues that the Commission's denial of compensation for past and future medical care and treatment was not supported by competent and substantial evidence on the whole record.

The record shows that both the February 25, 1999 injury claim and the September 28, 2000 occupational disease claim were heard together. Claimant was afforded ample opportunity to prove the February 25, 1999 injury was causally related to the past and future medical benefits he claimed when the Commission ordered remand to the Division following the decision in *Bowers I.* Claimant failed to present any evidence.

Claimant contends in Point I(C) that the Commission found past medical care and treatment was related to the September 28, 2000 occupational disease claim, and not the February 25, 1999 injury and denied benefits on that basis. However, this is not the case. We find the Commission denied past medical care and treatment because it was unable to conclude from the evidence that the need for past medical treatment was causally related to the February 25, 1999 injury rather than pre-existing conditions. It was Claimant's burden to prove past medical treatment flowed from the February 25, 1999 work injury.

The Commission stated in its Final Award:

Thus we have two compensable matters tried simultaneously. Past and future medical care was claimed by [Claimant] on both matters. Expert physicians testified as to the need for past and future medications but could only say that both injuries produced that need. Accordingly, we find that [Claimant] has not established that the need for past and future medications and/or treatment is the result of the 1999 injury for which Employer/Insurer is liable.

It is not sufficient for an employee to show that the need for treatment arises from one or the other of two causes, for one of which but not for the other, the employer would be liable. Employee must produce evidence from which it may reasonably be found that the need for medical treatment arose from the cause from which employer would be liable. (Citation omitted.)

Again, the Commission found the evidence for the medical award sought did not establish the need flowed from the February 25, 1999 accident, regardless of what other injuries or conditions the treatment may benefit.

In *Bowers I,* this Court, as an example, stated that if an injured worker is given

medication or treatment for a pre-existing condition, but because of the work-related injury more of the same medication or treatment is required, then the additional treatment becomes compensable. *Bowers I*, 132 S.W.3d at .268. Upon a review of the evidence and the medical testimony, the Commission found the evidence did not support the conclusion that the workplace accident of February 25, 1999 required additional treatment or medication which could be directly traceable to the February 25, 1999 accident.

Upon review of the evidence, particularly the medical testimony before the Commission, this Court is not able to find that the Commission on remand was clearly wrong in its conclusion that Claimant failed to demonstrate an additional need for medical treatment greater in quantity or different in nature from that provided for the pre-existing conditions flowing from the February 25, 1999 accident. Accordingly, we find there was substantial and competent evidence for the Commission to conclude that the February 25, 1999 work injury did not necessitate either past or future medical care and treatment different from that already being provided to Claimant. The Commission is vested with authority to determine the facts. *Aldridge*, 131 S.W.3d at 882.

In his third point, Claimant submits, alternatively, should this Court not find in his favor on Points I and II, that the Commission should have reopened the September 28, 2000 occupational claim. He claims this is necessary because the Commission could not deny past and future medical care and treatment for the February 25, 1999 work injury by finding that the need for additional treatment was caused by the September 28, 2000 occupational disease. However, his conclusion that the Commission found the need for additional medical care was the result of the September 28, 2000 occupational disease claim is wrong. The Commission stated clearly its decision was based on the failure of Claimant's evidence to distinguish the cause for medical treatment. The evidence, the Commission held, established at best that the need for additional medical treatment, if there was an additional need, arose from the February 25, 1999 accident and/or the September 28, 2000 occupational disease and/or the pre-existing conditions. The Commission did not find that any need for additional medical treatment following the February 25, 1999 accident arose directly from or flowed from the September 28, 2000 occupational disease.

Moreover, the Commission remanded the finding of the ALJ on the September 28, 2000 occupational disease to the Division in order to receive additional evidence on the medical treatment needs arising from that occupational disease. The response from Claimant was to oppose that remand to the Division, and when his motion was denied, he failed to present any additional evidence for the Commission's consideration. Thus Claimant was not denied a hearing pursuant to constitutional guarantees, whether Federal or State.

It was proper for the Commission to deny reopening the September 28, 2000 occupational disease claim because its judgment on that claim had become a final judgment on the merits. The judgment of the Commission under § 287.495.1, RSMo is conclusive and binding after thirty days from the date of the final award if there is no appeal. Point III is denied.

The Commission's Award is affirmed.

PARRISH and RAHMEYER, JJ., concur.