James **MORRIS**, Claimant-Respondent,

v.

**CAPTAIN D'S**, Employer-Appellant,

and

Treasurer of the State of Missouri, as Custodian of the Second Injury Fund, Respondent.

Nos. SD 34835 & 34836

Missouri Court of Appeals,
Southern District,
Division Two.

Filed: January 24, 2018

Attorney for Appellant: Gregory W. Pearman of Springfield, MO.

Attorney for Respondent, James Morris: John O. Newman of Springfield, MO.

Attorney for Respondent, Treasurer of the State of Missouri as Custodian of the Second Injury Fund: Catherine D. Goodnight of Springfield, MO.

JEFFREY W. BATES, J.

Captain D's (Employer) appeals from two unanimous final awards from the Labor and Industrial Relations Commission (Commission) awarding James Morris (Morris) workers' compensation benefits arising out of injuries he sustained from two work-related accidents. Employer challenges only one aspect of each award. According to Employer, the award of future medical treatment for pain management is not supported by substantial and competent evidence in the record. Because we find no merit in this contention as to each award, we affirm.

## Factual and Procedural Background

In January 2007, Morris was injured in two work-related accidents just a week and a half apart: (1) a car accident on January 3rd; and (2) a slip-and-fall accident on January 14th. As of the dates of these accidents, Morris had worked for Employ-

er for 21 years. Although most of Morris' career was spent in supervisory positions, his job required extensive standing, walking, driving and some lifting. Morris performed these job duties despite preexisting injuries involving his right knee, back and neck. Morris also experienced chest pain and high blood pressure due to heart disease. Following the two work accidents in January 2007, Morris quit his job with Employer in May 2007. Thereafter, Morris filed a claim for workers' compensation benefits with respect to each accident.

After a hearing, an administrative law judge (ALJ) determined that Morris was permanently and totally disabled from injuries caused by the last 2007 accident on January 14th, combined with the permanent disability preexisting that date.[1] With respect to Employer only, the ALJ found that Morris sustained "permanent disability from each of the two separate work accidents." With respect to each accident, Employer was ordered to pay benefits for: (1) permanent partial disability; (2) past medical treatment; and (3) future medical treatment for pain management. Because Employer only challenges the award of future medical treatment on each claim, the following facts are relevant to Employer's claim.

In January 2008, Morris was evaluated for the first time by his medical expert, Dr. David Volarich. Dr. Volarich opined that Morris was permanently and totally disabled as a result of both of his January 2007 work-related injuries to his neck and back, when considered in combination with each other and his preexisting medical conditions. According to Dr. Volarich, Morris had reached maximum medical improvement as of the January 2008 evaluation date. Dr. Volarich also opined that

Morris "will require ongoing care for his pain syndrome using modalities including but not limited to narcotics and non-narcotic medications (NSAID's), muscle relaxants, physical therapy, and similar treatments as directed by the current standard of medical practice for symptomatic relief of his complaints."

In January 2009, Morris was seen by his treating physician, Dr. Wade Ceola, due to complaints of: (1) low back pain; (2) radiating pain in his lower extremities; and (3) cervical pain with radiation into both arms. Dr. Ceola diagnosed a failed response to physical therapy and injections, and he recommended surgery. In July 2009, Morris underwent surgery involving a fusion at C5-6 and C6-7, followed by physical therapy. Morris continued to have complaints of ongoing low back pain.

In late May 2010, Morris saw Dr. Ceola again. Morris had been in two rear-end car collisions on May 1st and 24th of that month. Dr. Ceola diagnosed Morris with a whiplash and concussion. He recommended physical therapy for Morris' cervical and lumbar spine. Over the next year, Morris continued to experience ongoing neck and back pain. Dr. Ceola subsequently diagnosed Morris with, inter alia, a new large herniation at L4-5. Dr. Ceola again recommended surgery. In May 2011, Morris underwent a second surgery, which included "left L4-5 hemilaminectomy with discectomy." In July 2011, due to ongoing complaints, Dr. Ceola performed a third surgery involving a fusion at L4-5.

In December 2012, Dr. Volarich evaluated Morris after his additional surgeries. In the doctor's opinion, there was a causal connection between Morris' January 2007 work accidents and his total and perma-

---

1. Based on that determination, the ALJ found the Second Injury Fund (the Fund) liable to pay permanent partial and permanent total disability benefits. See § 287.220.1 RSMo (2000). The Fund does not challenge the award and is not participating in this appeal.

nent disability. Dr. Volarich also opined that Morris required ongoing care for his pain syndromes and listed additional treatment modalities. As the doctor explained in his report:

> Mr. Morris would benefit from ongoing treatment at a pain clinic for his chronic cervical and lumbar pain including his left lower extremity neuropathic pain. Epidural steroid injections, foraminal nerve root blocks, trigger point injections, TENS units, radiofrequency ablation procedures, and consideration for a spinal cord stimulator are all indicated. He also requires chronic pain management and treatment of his neuropathic pain with oral medications.

In an August 2013 deposition, Dr. Volarich was asked whether these treatments were directly related to his work injuries and gave the following answer:

> Not completely. They would be related to the fact that he had injuries to the neck and back from work, but he also had subsequent deterioration, a couple of car wrecks and such, and had surgeries during that time, so it's—it's a mixture of subsequent problems as well as the work injuries and I think also as well as the preexisting difficulties in his low back.

In February 2015, Morris was evaluated by Employer's expert, Dr. Ted Lennard. According to Dr. Lennard, Morris suffered a cervical strain and lumbar strain related to the 2007 work injuries on January 3rd and 14th, respectively, but those injuries resolved without further problems. With respect to future treatment, Dr. Lennard opined that Morris required no additional treatment for either injury.

As to the credibility of the experts, the ALJ found "Dr. Volarich more persuasive because his initial examination, performed one year after the accidents, was much closer in time to the accidents than that of

Dr. Lennard." The ALJ awarded future medical benefits with respect to each of the two January 2007 accidents for the following reasons:

> Dr. Volarich initially reported that [Morris] required treatment for [his] neuropathic pain. In his August 8, 2013 deposition, he recommended a number of treatment modalities which he opined were for [Morris'] preexisting injuries, the work injuries, and the subsequent non-work-related injuries which included two motor vehicle accidents. While Dr. Volarich was not clear in his latter deposition as to which treatments were for which disabilities or injuries, he had not changed his mind that [Morris] required some treatment for pain. I conclude that the evidence supports an Award of future medical treatment to cure or relieve the effects of the 2007 work injuries and resulting disabilities.

The Commission unanimously affirmed both awards, adopting the findings and conclusions of the ALJ. This appeal followed.

## Standard of Review

On appeal, this Court reviews decisions by the Commission to ensure they are "supported by competent and substantial evidence[.]" Mo. CONST. art. V, § 18. The Commission's decision will only be disturbed if: (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. § 287.495.1 RSMo (2000). Decisions involving statutory interpretation, however, are reviewed *de novo. Spradling v. SSM Health Care St. Louis*, 313 S.W.3d 683, 686 (Mo. banc 2010).

We review the findings and conclusions of the Commission, as well as those made by the ALJ that are adopted by the Commission. *Cook v. Missouri Highway & Transp. Comm'n*, 500 S.W.3d 917, 922-23 (Mo. App. 2016). The whole record is reviewed to determine whether there is sufficient competent and substantial evidence to support the award. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222-23 (Mo. banc 2003). "We defer to the Commission's factual findings and recognize that it is the Commission's function to determine the credibility of witnesses and the weight to be given to their testimony." *Cook*, 500 S.W.3d at 923. Because conflicting medical theories present a credibility determination for the Commission to make, its decision as to which of the various medical experts to believe is binding on this Court. *Id.* "We will not substitute our judgment on issues of fact where the Commission acts within its powers, even if we would arrive at a different initial conclusion." *Id.*; *see also* *Hornbeck v. Spectra Painting, Inc.*, 370 S.W.3d 624, 629 (Mo. banc 2012) (when evidence would warrant either of two opposed findings, the reviewing court is bound by the Commission's findings; it is irrelevant that there is supportive evidence for the contrary finding).

## Discussion and Decision

Employer's single point contends the Commission's award of future medical treatment is not supported by substantial and competent evidence because Morris "has significant pre-existing, as well as subsequent non-work related injuries." Employer points to Dr. Volarich's statement that future treatments were related to a "mixture" of work and non-work related problems and argues the "lack of clarity and specificity from Dr. Volarich ... does not support a finding that [Morris] is in need of future medical treatment related to the injuries of January 3, 2007 and January 14, 2007." We disagree.

The Missouri Workers' Compensation Act includes an allowance for future medical treatment to relieve the effects of a work injury. In relevant part § 287.140 states:

> In addition to all other compensation ... the employee shall receive and the employer shall provide **such medical ... treatment**, including nursing, custodial, ambulance and medicines, **as may reasonably be required** after the injury or disability, to cure and relieve from the effects of the injury.

§ 287.140.1 RSMo Cum. Supp. (2013) (bold emphasis added). "It is not necessary for a claimant to provide conclusive evidence as to what future medical treatment will be needed[.]" *Jefferson City Country Club v. Pace*, 500 S.W.3d 305, 317 (Mo. App. 2016). Instead, the claimant must demonstrate a "reasonable probability" that future medical treatment will be necessary due to the work-related injury. *Id.*; *see* *Bowers v. Hiland Dairy Co.*, 132 S.W.3d 260, 270 (Mo. App. 2004). "While an employer may not be ordered to provide future medical treatment for non-work related injuries, an employer may be ordered to provide for future medical care that will provide treatment for non-work related injuries if evidence establishes to a reasonable degree of medical certainty that the need for treatment is caused by the work injury." *Stevens v. Citizens Mem'l Healthcare Found.*, 244 S.W.3d 234, 238 (Mo. App. 2008); *Farmer v. Advanced Circuitry Div. of Litton*, 257 S.W.3d 192, 197 (Mo. App. 2008); *see* *Bowers v. Hiland Dairy Co.*, 188 S.W.3d 79, 85 (Mo. App. 2006).

Here, Morris demonstrated a reasonable probability that future medical treatment is needed for his work-related injuries to his neck and back. Dr. Volarich consistently recommended ongoing care for Morris' pain syndromes associated with his neck

and back. Those recommendations began in January 2008, just a year after his two work-related accidents. Dr. Volarich again recommended ongoing care for Morris' pain in 2012 and 2013, explaining that the treatments were "related to the fact that he had injuries to the neck and back from work[.]" This evidence establishes a "reasonable probability" that future treatment is needed for Morris' neck and back, and that the need arose from the January 2007 work accidents. *See Greer v. SYSCO Food Servs.*, 475 S.W.3d 655, 673 (Mo. banc 2015) (affirming an award for future medical treatment that included pain management because the Commission believed claimant's medical expert who recommended future care); *City of Columbia v. Palmer*, 504 S.W.3d 739, 747 (Mo. App. 2016) (affirming an award for future medical treatment for pain management based upon evidence of the severity of the claimant's injury, the limitations on his movements, the strain he felt from repetitive motion, and the recommendation for treatment of future pain by Dr. Volarich); *Pace*, 500 S.W.3d at 317 (affirming an award for future medical treatment for pain management based upon evidence of persistent and ongoing pain from shoulder and neck injury); *Null v. New Haven Care Ctr., Inc.*, 425 S.W.3d 172, 181 (Mo. App. 2014) (affirming an award for future medical treatment that included pain management based upon Dr. Volarich's testimony that claimant would require pain medications indefinitely); *Farmer*, 257 S.W.3d at 198 (affirming an award for future medical treatment that included pain management based upon Dr. Volarich's opinion that claimant required such continuing treatment). Contrary to Em-

ployer's argument, more specific or conclusive evidence of exactly what treatment is needed for which injury is not required. *See Pace*, 500 S.W.3d at 317; *Bowers*, 132 S.W.3d at 270; *Aldridge v. S. Missouri Gas Co.*, 131 S.W.3d 876, 883 (Mo. App. 2004) (evidence of the specific nature of the treatment is not required). Further, the fact that the treatments for pain associated with the work-related injuries to his neck and back also treat pain related to non-work injuries is of no consequence. *See Bowers*, 132 S.W.3d at 270 (where appropriate evidence supports need for treatment caused by the compensable injury, an employer may be required to provide future medical care *even if* the treatment will also provide treatment for a non-compensable condition).

Thus, Dr. Volarich's testimony provides sufficient competent and substantial evidence to support the Commission's award of future medical treatment. The Commission found Dr. Volarich credible, and we must defer to that credibility determination. *See Greer*, 475 S.W.3d at 673; *Palmer*, 504 S.W.3d at 746; *Null*, 425 S.W.3d at 177; *Farmer*, 257 S.W.3d at 198. Because the award of future medical treatment is supported by substantial and competent evidence, Employer's point is denied.[2]

Both awards allowing workers' compensation benefits are affirmed.

DANIEL E. SCOTT, J.—CONCUR

WILLIAM W. FRANCIS, JR., J.—CONCUR

---

2. Employer essentially claims it will be difficult or impossible to adequately attribute Morris' future medical needs to his compensable accidents as opposed, for example, to his later car accidents. This Court is neither qualified nor authorized to render that sort of

advisory opinion. Any specific claims made by Morris for future medical treatment can be handled as in any other workers' compensation case—either the parties can agree, or they can submit the issue to the Commission for determination.